**PLACE ST. CHARLES, A Louisiana Partnership, Plaintiff-Appellant,**

v.

**J.A. JONES CONSTRUCTION CO., Defendant-Appellee.**

No. 86–3842.

United States Court of Appeals, Fifth Circuit.

July 31, 1987.
Rehearing Denied Aug. 26, 1987.

---

K. Eric Gisleson, Moise S. Steeg, Jr., New Orleans, La., for plaintiff-appellant.

Charles F. Seeman, Jr., Frederick R. Bott, New Orleans, La., for defendant-appellee.

Before WISDOM, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Place St. Charles appeals the grant of J.A. Jones Construction Co.'s motion to stay pending arbitration and the corresponding denial of Place St. Charles's motion for an injunction against arbitration. Place St. Charles also appeals the denial of its motion to transfer to another district court. We affirm.

I

In October 1982, Place St. Charles, a Louisiana partnership, contracted with Jones Construction, a North Carolina general contractor, for the construction of the Place St. Charles Building. There were many disputes during construction. When the parties were unable to resolve their differences, Place St. Charles sued Jones Construction, seeking damages for delay and defective construction. Jones Construction moved to stay the suit and to compel Place St. Charles to arbitrate pursuant to the arbitration provision in the contract. The district court granted the stay without an evidentiary hearing.

Place St. Charles, wary of the stay order's appealability, petitioned for leave to appeal under 28 U.S.C. § 1292(b). A panel of this Court, noting that Place St. Charles could appeal the district court's order as a matter of right under 28 U.S.C. § 1291, treated Place St. Charles's petition as a notice of appeal and transmitted it to the district court.

## II

Place St. Charles argues that there was no agreement to arbitrate this dispute; that the language of the contract does not support the order to arbitrate. Place St. Charles contends that the arbitration clause did not permit Jones Construction to compel Place St. Charles to arbitrate, but only provided a mechanism in the event both parties agreed to arbitrate. To the extent the arbitration agreement clause did constitute a binding agreement, Place St. Charles argues it was only an agreement to arbitrate pre-"substantial completion" disputes. In addition, because the provision does not provide for arbitration for "all disputes," Place St. Charles argues the provision is not entitled to a presumption of arbitration. Finally, Place St. Charles contends that the parties did not provide for judicial enforcement of arbitration awards and that, accordingly, the arbitration clause is unenforceable or at least provided for only pre-completion disputes. We first set out the relevant provisions of the contract and then treat in turn Place St. Charles's contentions.

## A

While the "contract" consists of several "Contract Documents," including the Construction Contract, the General Conditions of the Contract, and Plans and Specifications, three provisions shape the issues here.

General Condition 7, entitled "Disputes," provides in part:

> 7.1 Differences between the parties to the Contract as to the interpretation, application or administration of this Contract or any failure to agree where agreement between the parties is called for, herein collectively called disputes, which are not resolved in the first instance by decision of the Architect where applicable, shall be settled in accordance with the requirements of this General Condition.
>
> ....
>
> 7.6 In the event of a dispute or difference between Owner and Contractor, which Owner's Contractor and Owner's

Architect cannot effectively satisfy, Owner or Contractor may invoke arbitration, and each agrees to be bound by the result of said arbitration. To invoke arbitration, either party shall notify the other, in writing, setting forth:

> (a) The issue to be arbitrated; and
>
> (b) That arbitration is demand[ed]; and
>
> (c) Name the person who shall serve as the arbitrator on behalf of that party demanding arbitration.

It shall be the obligation of the other party within five (5) working days after receipt of this notice, to name its arbitrator, and the two arbitrators so named shall, within ten (10) days after the naming of the second arbitrator, agree upon a third arbitrator, and the three arbitrators shall set an arbitration hearing not more than fifteen (15) days after the third arbitrator shall have been selected. The arbitrator shall have the right to call upon either party to produce papers, documents and instruments, witnesses or other information which the arbitrators, acting by a majority of them, may require, in their sole discretion, reasonably to determine the issue. After such hearing it shall be the obligation of the arbitrators, within three (3) working days to render their findings in writing, sending a copy thereof to Owner and Contractor.

Article A–5 of the Construction Contract states:

> The duties and obligations imposed by the Contract Documents, and the rights and remedies available thereunder, shall be in addition to and not a limitation upon any duties, obligations, rights and remedies otherwise imposed or available by law.

Finally, General Condition 1.5(e) states that in the event of conflict, "the Construction Contract shall govern over all Contract Documents."

Place St. Charles argues that General Condition 7, the arbitration provision, conflicts with the reservation of rights in Article A–5 of the Construction Contract, and thus General Condition 1.5(e) requires

that the reservation of rights govern over the arbitration provision.

Place St. Charles contends that the district court's arbitration order pursuant to General Condition 7 violated the reservation of rights provision by limiting Place St. Charles's available legal remedies, presumably because Place St. Charles lost its opportunity to try the case in district court. Although the case might ultimately return to the district court after arbitration, "review of arbitration awards is quite limited." *Amalgamated Meat Cutters v. Great Western Food Co.*, 712 F.2d 122, 124 (5th Cir.1983).

We are unpersuaded. Place St. Charles's interpretation of General Condition 7 ignores the strong federal policy in favor of arbitration. As the Supreme Court explained in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983):

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability (footnote omitted).

The agreement is loosely worded, but General Condition 7 and Article A–5 are not necessarily inconsistent. Article A–5 provides only that the contractual obligations shall not be a limitation on rights *"otherwise* imposed or available by law" (emphasis added). Reviewing the contract language to give meaning to all of its terms, as we must, we are persuaded that this language describes non-litigation rights, such as lien rights and other security interests accorded by state law. If we accepted Place St. Charles's reading of Article A–5, the contract would have no meaning, for a contract necessarily limits one's "duties, obligations, rights and remedies." Moreover, there would be little point in drafting a detailed arbitration scheme if there were no agreement to arbitrate. Parties to a contract can always agree to arbi-

trate a dispute when it arises. The only purpose for the arbitration clause was to agree that disputes would be arbitrated before any arose.

Place St. Charles responds that the arbitration provision would have some meaning under its view of the parties' "reservation of rights," contending that the arbitration provision was intended to encompass only pre-"substantial completion" disputes. Place St. Charles notes that the arbitration provision contains several timing provisions intended to insure that construction would continue in the event of a dispute. General Condition 7.6 states that after the Owner or Contractor invokes arbitration and chooses an arbitrator, the other party must name its arbitrator within five days; the two arbitrators then must name a third within ten days; and the three arbitrators must set a hearing not more than fifteen days after the third arbitrator has been selected. Following the hearing, the arbitrators must render written findings within three working days.

But Place St. Charles's effort to give this limited meaning to the arbitration clause cannot be squared with its argument that General Condition 7 and Article A–5 conflict. If the reservation of rights in Article A–5 is inconsistent with the arbitration clause, Place St. Charles's narrowing construction does not cure the inconsistency.

B

■ Place St. Charles argues that paragraph 7.6 is not a broad "all disputes" provision, and thus Jones Construction is not entitled to such a strong presumption in favor of arbitration. Examination of the language of General Condition 7, however, supports the district court's arbitration order. Paragraph 7.1 states:

> Differences between the parties to the Contract as to the interpretation, application or administration of this Contract or any failure to agree where agreement between the parties is called for, herein collectively called disputes, which are not resolved in the first instance by decision of the Architect where applicable, shall

be settled in accordance with the requirements of this General Condition.

Although this paragraph does not say "all disputes," the language includes most if not all disputes, encompassing differences of interpretation, application or administration of the contract.

Under Paragraph 7.6 either the owner or the contractor "may" invoke arbitration and each agrees to be bound. Place St. Charles argues that a "broad" arbitration clause would have mandatory language that disputes "shall" be arbitrated. We are not persuaded. Paragraph 7.6, while not the broadest possible wording, is sufficiently broad to support the district court's order when read with Paragraph 7.1.

### C

■ Place St. Charles, relying on *Varley v. Tarrytown Associates, Inc.*, 477 F.2d 208 (2d Cir.1973), argues that because the contract does not expressly provide for judicial enforcement of the arbitrators' award, the arbitration provision is unenforceable, or at least, suggests that the parties intended to arbitrate only pre-completion disputes.

Section 9 of the Federal Arbitration Act provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award.... If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

In *Varley*, the Second Circuit held that pursuant to § 9 the failure to explicitly agree that judgment shall be entered on the arbitration award prevents a federal court from confirming the award and entering judgment. 477 F.2d at 210. Jones Construction concedes that the arbitration provision does not expressly provide for judicial enforcement. Nevertheless, the district court disregarded *Varley*, noting that "changes in the arbitration rules and in the applicable law since *Varley* require a different interpretation of the arbitration provisions."

Place St. Charles correctly argues that any change in the arbitration rules is irrelevant because the parties did not incorporate these rules into their agreement. But subsequent cases have distinguished *Varley*, concluding that entry of judgment can be implied from the language and behavior of the parties. *See, e.g., Kallen v. District 1199, National Union of Hospital & Health Care Employees*, 574 F.2d 723, 725 (2d Cir.1978). In *T & R Enterprises v. Continental Grain Co.*, 613 F.2d 1272, 1278–79 (5th Cir.1980), we found enforceable an arbitration clause that stated, "[T]he [arbitrator's] decision shall be final and binding." The court reasoned:

> [T]he power of the federal court in the Northern District of Alabama was invoked by T & R when they initially filed the complaint on these contracts in that jurisdiction. We conclude that, once invoked, the power of the court to enter a judgment on the arbitrator's award which was an outgrowth of the original action was sufficient to satisfy the jurisdictional requirements.

*Id.* at 1279. Similar reasoning supports jurisdiction here. By Paragraph 7.6 "each [party] agrees to be bound by the result of said arbitration." As in *T & R Enterprises*, Place St. Charles invoked the district court's power when it filed its complaint on this contract.

Place St. Charles argues that even if the arbitration provision is enforceable, the absence of an express provision for judicial enforcement supports its argument that the parties intended to arbitrate only pre-completion disputes. We are unpersuaded. As we have explained, since the arbitration provision can reasonably be interpreted to govern this case, the federal policy favoring arbitration requires that we uphold the district court's order.

### III

Two other law suits have arisen from the Place St. Charles construction project: *Binswanger Glass Co. v. J.A. Jones Construction Co.* and *J.A. Jones Construction Co. v. H & W Steel Erectors, Inc.* In *Binswanger*, the curtain wall subcontractor, Binswanger, is suing for payments due on its subcontract. Jones Construction has counter-claimed for alleged faulty and tardy construction by Binswanger.

In *H & W Steel*, Jones Construction seeks recovery for the faulty construction of the floor slabs and the accompanying delay in achieving substantial completion. H & W, in defending the suit, argues that other defects in the construction caused the delay. H & W has also joined as third-party defendants Place St. Charles and Aetna Casualty & Surety, Jones Construction's surety in the case.

Place St. Charles contends that Jones Construction should be estopped from enforcing any right to arbitration because Jones Construction did not abide by General Condition 10.1, which provides in part:

> The Contractor agrees to preserve and protect the rights of the parties under the Contract with respect to Work to be performed under subcontract and to ... enter into contracts or written agreements with his Subcontractors to require them to perform their Work in accordance with and subject to the terms and conditions of the Contract Documents.... The Contractor agrees that he will incorporate the terms and conditions of the Contract Documents and Loan Agreement into all agreements he enters into with his Subcontractors.

Place St. Charles argues that if Jones Construction had complied with this provision, then all the claims arising from this project could be arbitrated together.

In *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 497 (5th Cir.1986), we stated:

> Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party. "The right to arbitration, like any other contract right, can be waived. A party waives his right to arbitrate when he actively participates in a law suit or takes other action inconsistent with that right."

*Id.* (quoting *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C.Cir.1966)) (footnote omitted). We are not persuaded that Jones Construction substantially invoked the judicial process to Place St. Charles's detriment. First, Jones Construction is a defendant in the *Binswanger* case. Furthermore, Jones Construction could not compel Binswanger to arbitrate because Binswanger is a subcontractor to Jones Construction's subcontractor and thus not a party to any agreement with Jones Construction.

Second, Jones Construction contends that in its suit against H & W Steel Erectors, Inc., its principal object "is to recover hard costs Jones has already paid to correct and/or test certain deficiencies in H & W's work, and certain damages [Place St. Charles] is demanding from Jones as a result of the defects." This case is unlike the typical waiver situation in which a party sues the other and delays seeking arbitration to the detriment of the other. Here, Jones Construction did not sue Place St. Charles and then delay demanding arbitration of Place St. Charles while discovery progressed.

Place St. Charles, apparently recognizing that Jones Construction has not waived arbitration, suggests that its claim differs from waiver, but cites no cases employing its estoppel theory. The argument is that having failed in its obligation to secure arbitration provisions in its contracts with its subcontractors, Jones Construction should not be allowed to invoke arbitration. While labeled estoppel the argument actually seeks the insertion of a contractual condition that the parties never agreed upon—that the obligation to arbitrate was conditioned upon Jones Construction obtaining similar agreements with its subcontractors. Estoppel rests on a justifiable

reliance upon the acts of another to one's detriment. Because Place St. Charles failed to bargain for such a condition, we are unwilling to conclude that any such reliance was justifiable in the face of the contract's silence. In sum, even if Jones Construction breached General Condition 10.1 and did not incorporate the arbitration clause into its subcontracts, Place St. Charles's remedy would be a claim of breach of contract, not estoppel.

## IV

Place St. Charles contends that its motion for transfer and consolidation should have been granted. Jones Construction argues that the issue is not before this court because Place St. Charles has not appealed this order. Jones Construction is correct; the denial of the motion to transfer and consolidate is generally not appealable. 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3914 at 561. Appeal from the order denying arbitration does not permit consideration of an earlier, unrelated, unappealable order.

Even if the issue were before us, whether to grant the motion for transfer is within the district court's discretion. Place St. Charles has not shown that the district court abused its discretion.

AFFIRMED.