**SPEEDEE OIL CHANGE SYSTEMS, INC.**

v.

**STATE STREET CAPITAL, INC.**

Civ. A. No. 89–5088.

United States District Court, E.D. Louisiana.

Dec. 19, 1989.

Third, Fourth and Seventh Circuits, and rejects the reasoning of the Eighth and Tenth Circuits.

Robert Emmett Kerrigan, Jr., Charles Kirk Reasonover, Duris Lee Holmes, Deutsch, Kerrigan & Stiles, New Orleans, La., for plaintiff.

Herbert W. Christenberry, Jr., Charles John Hebert, Christenberry & D'Antoni, New Orleans, La., for defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is a Complaint for Temporary Restraining Order, Injunctive and Declaratory Relief. The defendant has filed a Motion To Stay and, Alternatively, To Dismiss Pursuant To Rule 12 and, also, a Motion To Transfer. The defendant's Motion To Stay is GRANTED. The alternative Motion To Dismiss Pursuant To Rule 12, and Motion To Transfer are DENIED.[1]

At the basis of this dispute lies a franchise contract that contains an arbitration clause, the existence of which raises an issue of first impression in this Circuit: Does this Court have the power to grant preliminary injunctive relief although it stays the case pending arbitration? In the context of a request for a preliminary injunction this question must be treated at the threshold. It focuses on a well-defined conflict among several circuits.

The Court holds that inherent in its equitable power is the power to grant a preliminary injunction pending arbitration in order to preserve the environment of the dispute during the arbitration process. In so doing, the Court sides with the more persuasive thinking of the First, Second,

## I. FACTUAL BACKGROUND

Plaintiff, Speedee, is the franchisor of an assembly-line method of providing car care service. It typically franchises regional sub-franchisors who agree to establish retail franchise locations within a region or territory, either through company owned stores or by local franchise.

Speedee and defendant, State St., entered into a franchise agreement in which State St. was to be the regional franchisee in South Florida. The franchise required State St. to collect franchise fees, royalties, advertising fund payments and other payments applicable to the individual agreements signed with the local retail dealers. State St. was to remit a portion of the franchise fees and royalties, and all of the advertising fund payments, to Speedee. In return, State St. was given the exclusive license to use the names, service marks and logos of Speedee and received the confidential operating manuals that Speedee has developed for the operation of its franchises around the country. The relationship turned out to be a troubled one.

Speedee now claims that State St. has breached the agreement, and seeks injunctive relief to stop State St. from continuing to operate as a regional franchisee. State St. asks the Court to stay this case and compel arbitration under the contract's arbitration clause,[2] claiming that it was wrongfully terminated as franchisee.

## II. PRELIMINARY INJUNCTIVE RELIEF AND THE ARBITRATION CLAUSE

A. *Arbitration*

The Fifth Circuit recognizes the firmly rooted federal public policy which favors

---

1. Defendant concedes the issue of improper service has been mooted by a subsequent valid service. In view of the stay to be ordered, transfer need not be considered at this time.

2. The Arbitration Clause reads:
    17.6 *Arbitration.* SOCS and the Region agree to submit any claim, dispute, suit, action or proceeding between them or arising out of or relating to this Agreement or any of the transactions contemplated by it and involving SOCS to binding arbitration pursuant to the rules for commercial arbitration of the American Arbitration Association, such arbitration to be held at the office of the American Arbitration Association located closest to the office of SOCS.

arbitration. *Place St. Charles v. J.A. Jones Constr. Co.*, 823 F.2d 120, 123 (5th Cir.1987). In *Place St. Charles* the court instructed:

> As the Supreme Court explained in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983):
>
> > The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

823 F.2d at 123.

■ A national policy which favors arbitration has obvious consequences. The existence of an arbitration clause that on its face appears to cover the parties' claims forms the basis for determining the question of arbitrability. *Mar–Len of La., Inc. v. Parsons–Gilbane*, 773 F.2d 633, 635 (5th Cir.1985). Whenever the scope of an arbitration clause is reasonably doubtful or debatable, the presumption of arbitrability mandates a decision which favors arbitration. *Id.*

The arbitration clause in the Speedee contract is not ambiguous; it covers by its terms all of the claims raised. Whether defendant has breached the contract, or is unlawfully using plaintiff's service marks, or is tortiously interfering with plaintiff's contractual relationships are all matters which directly implicate the parties' rights and obligations under the franchise contract. Therefore, the Motion To Stay pending arbitration is well-taken.

**B. *Injunctive Relief***

■ Whether the Court has the power to order preliminary injunctive relief after staying the case pending arbitration is a new question here. It is one that has divided many courts. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCollum*, 469 U.S. 1127, 105 S.Ct. 811, 812, 83 L.Ed.2d 804 (1985) (White, J., dissenting from denial of cert.). The Fifth Circuit has observed, in a rather fact-unique setting, that injunctive relief is available where a case is stayed pending arbitration, if the contract reflects a consensus of the parties that such relief was contemplated. *RGI, Inc. v. Tucker & Assoc.*, 858 F.2d 227, 230 (5th Cir.1988). In the absence of such an apparent understanding, however, the circuits are divided as to whether courts have the power to enjoin the parties after staying the case at issue. *Id.* at 228–29. The arbitration clause here does not mention or consider the use of a court-ordered injunction, and, therefore, *RGI* provides little guidance. Rather than announce doctrine, *RGI* is fact-driven only.

The Eighth and Tenth Circuits unqualifiedly deny courts the use of injunctive powers where cases are referred to arbitration. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey*, 726 F.2d 1286, 1291 (8th Cir.1984); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Scott*, No. 83–1480 (10th Cir. May 12, 1983). These courts believe that the exercise of a court's injunctive powers incorrectly injects the court into the arbitration process. *See Hovey*, 726 F.2d at 1292 ("judicial inquiry requisite to determine the propriety of injunctive relief necessarily would inject the court into the merits of issues more appropriately left to the arbitrator"). But issuance of preliminary injunctions as a means of preserving the status quo pending arbitration is permitted in the First, Second, Third, Fourth and Seventh Circuits. *See Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 882 F.2d 806, 812 (3d Cir.1989); *Teradyne v. Mostek Corp.*, 797 F.2d 43 (1st Cir.1986); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048 (4th Cir.1985); *Roso–Lino Beverage Distributors, Inc. v. Coca–Cola Bottling Co. of New York*, 749 F.2d 124 (2d Cir.1984); *Sauer–Getriebe KG v. White Hydraulics, Inc.*, 715 F.2d 348 (7th Cir.1983). These circuits view the exercise of injunctive powers as adjectival and central to preserving the status quo of the dispute so the arbitration process can run its course and have a meaningful impact on resolution of the dis-

pute. This reasoning freezes the parties in time until the dispute can be resolved; it is the better view. Otherwise, the parties could thwart the purpose of arbitration by continued tactics outside the process. "The arbitration process would be a hollow formality", the Fourth Circuit has commented, if the arbitration when complete could not return the parties to the status quo. *Bradley*, 756 F.2d at 1053–54. An agreement to arbitrate is not to be construed as "constituting a 'waiver' ... of the right to seek preliminary injunctive relief necessary to prevent one party from unilaterally eviscerating the significance of the agreed-upon procedures." *Ortho Pharmaceutical*, 882 F.2d at 812. "[T]he congressional desire to enforce arbitration agreements," the First Circuit has correctly noted, "would frequently be frustrated if the courts were precluded from issuing preliminary injunctive relief to preserve the status quo pending arbitration and, *ipso facto*, the meaningfulness of the arbitration process." *Teradyne*, 797 F.2d at 51.

The focal point of the differences between the circuits seems to hinge on the meaning given to Section 3 of the Arbitration Act. 9 U.S.C. § 3. That section says:

§ 3. Stay of proceedings where issue therein referable to arbitration

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The Eighth Circuit view, for example, is that to enjoin one of the parties in an arbitrable dispute would be in contravention of the plain meaning of the statute, and would inappropriately inject the court into the arbitral process. *Hovey*, 726 F.2d at 1292. But this position seems unsupported by the text of the statute. On the other hand, the position of the majority of the circuits that have spoken on this issue, which this Court adopts, is that where the requisites for injunctive relief are satisfied, to deny such relief would potentially frustrate the congressional intent to enforce arbitration agreements. *Teradyne*, 797 F.2d at 51. This approach furthers rather than impedes the policy of the Arbitration Act. *Id.* The Arbitration Act would serve little social purpose if the invocation of the arbitration process meant potential damages would be left to mount up as the administrative process spent its course, or that the tactical posturing of the disputants could continue with a life of its own outside the arbitration framework which both sides bargained for.

The Fifth Circuit has indicated a hint of agreement with this view. The understanding of the parties notwithstanding, the district court in *RGI* did issue an injunction and ordered arbitration, and that order was affirmed by the Fifth Circuit. *RGI, Inc.*, 858 F.2d at 230. This at least suggests that the Circuit finds no absolute bar in the language of the statute, although the contract in *RGI* more clearly anticipated that result, and, because the case was highly fact-driven, the Circuit stopped short of what this Court holds today.

The reasoning of the First, Second, Third, Fourth, and Seventh Circuits comports more closely with the purpose of the Arbitration Act to further arbitration as a meaningful dispute resolution mechanism. For arbitration to work, the parties should not be able to continue maneuvering to the disadvantage of each other outside the arbitration model. This Court, therefore, adopts the view that permits it to issue a preliminary injunction to preserve the status quo pending arbitration of the issues.[3]

---

**3.** The Court only determines here that it has the *power* to issue a preliminary injunction after ordering a stay pending arbitration. Whether the injunction issues will depend upon the evidence presented.

The Defendant's Motion To Stay pending arbitration is GRANTED. The Alternative Motion To Dismiss Pursuant To Rule 12, and Motion To Transfer are DENIED AS MOOT. All further proceedings in this matter are STAYED PENDING ARBITRATION, subject to the preliminary injunction hearing and the orders issued in that proceeding. Plaintiff's request for a preliminary injunction is properly before the Court.