liJONES, Judge.
Appellant, Wilbert Bateman instituted the instant litigation against appellee, Louisiana Public Employees Council No. 17 of the American Federation of State, County and Municipal Employees, AFL-CIO (hereinafter AFSCME) seeking to have himself named to the position of Director of Organizing for AFSCME. Appellant alleged that he has worked as a field staff worker for over twenty-three years for defendant, and belongs to the Field Staff Representatives Union No. 2 (FSRU), a union composed of employees of AFSCME. Appellant alleged that a collective bargaining agreement existed between AFSCME and FSRU which provided for promotions to be made on the basis of seniority and qualifications. Notwithstanding these provisions and the fact that appellant was the most senior and qualified of candidates for the position of Director of Organizing, appellant averred that he had not been promoted to the position. This failure to promote, according to the appellant constituted a continuing breach of the collective bargaining agreement.
In response to appellant’s petition, the ap-pellee filed a declinatory exception of lack of subject matter jurisdiction and a peremptory exception of |2no cause of action arguing that the collective bargaining agreement required the appellant to pursue arbitration and that appellant was precluded from seeking judicial relief until arbitration had been pursued.
Following a hearing on the exceptions, the trial court issued a judgment maintaining the exceptions and dismissing the appellant’s litigation. In its reasons for judgment the trial court found that the collective bargaining agreement in question provided for arbitration in the situation of which the appellant alleged he was aggrieved.
Subsequent to the signing of the judgment, the appellant alleges that he made demand on the defendant for arbitration and his request for arbitration was denied. Thereaf *81 ter, appellant filed a motion to direct arbitration. Notwithstanding the fact that the trial judge granted the motion to direct arbitration, appellant avers that the defendants have steadfastly refused to arbitrate.
On appeal, appellant argues that the trial court erred in dismissing his claims because the arbitration requirements of the contract are permissive, not mandatory. Alternatively, appellant argues that even if arbitration requirements are mandatory, the provisions of La.R.S. 9:4202 dictate that the trial court should have stayed the trial until such time as arbitration had been accomplished. Ap-pellee argues that the trial court correctly found that arbitration was mandatory and farther, once the trial judge granted its exceptions and dismissed the appellant’s claim, the trial judge had no further jurisdiction to grant an order directing arbitration. On appeal, appellee also argues that appellant’s claim has prescribed.
The relevant portion of the collective bargaining agreement is found in Article V, Section 4 which provides, in relevant part, as follows:
13If the parties cannot agree as to a mutually satisfactory disposition of the grievance and the grievance actually involves an alleged interpretation or application of the contract, the Union may, by written notice to the Council, request arbitration in accordance with the following procedures.
The above cited provision does not make arbitration mandatory in the instant case. Rather, this provision merely provide a mechanism for arbitration in cases wherein the union elects to handle a grievance. In the instant case, the union opted to have the appellant handle his own dispute against AFSCME. Consequently, the above cited provision is not binding on the appellant.
Moreover, assuming that the above cited provision is applicable, the operative words of the contract provide that the Union “may” request arbitration. The word “may” has been defined by our Legislature in La.R.S. 1:3 which provides:
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word “shall” is mandatory and the word “may” is permissive, (emphasis added)
Notwithstanding the judicial policy favoring the resolution of disputes by way of alternative means such as arbitration, no authority exists for requiring arbitration in cases wherein arbitration is not specifically required by legislation or contract.
Appellee’s reliance on Place St. Charles v. J.A. Jones Construction Co., 823 F.2d 120 (5th Cir.1987) to support its view that use of the word “may” in |4a grievance arbitration clause of the collective bargaining contract is mandatory is misplaced. In Place St. Charles, the court considered the issue of whether arbitration was required pursuant to a provision which provided:
In the event of a dispute ... between Owner and Contractor, which Owner’s Contractor and Owner’s Architect cannot effectively satisfy, Owner or Contractor may invoke arbitration, and each agrees to be bound by the result of said arbitration.... (emphasis added)
823 F.2d at 122.
The trial court had ruled that the provisions of the collective bargaining agreement were broad enough to invoke the presumption of arbitration. Appellant, however, argued that the above quoted provision was not mandatory because the word shall was not used. In upholding the trial court’s ruling in favor of arbitration, the court noted that while the above quoted provision was not “the broadest possible wording”, the wording was sufficiently broad to support the district court’s order when read with another provision in the contract which provided:
Differences between the parties to the Contract as to the interpretation, application or administration of this Contract or any failure to agree where agreement between the parties is called for, herein collectively called disputes, which are *82 not resolved in the first instance by decision of the Architect where applicable, shall be settled in accordance with the requirements of this General Condition, (emphasis added)
823 F.2d at 122.
In light of the use of the mandatory word “shall” in the latter quoted provision of the agreement, the court correctly found that arbitration was mandatory. However, the collective bargaining agreement forming the basis for |5the instant case contains no such mandatory language making all disputes subject to arbitration. Consequently, this case is distinguishable.
Alternatively, assuming arguendo that arbitration was mandatory, requiring arbitration in the instant case wherein the defendant steadfastly refuses to arbitrate would appear to be a vain and useless act. In such cases, the more equitable remedy would be to stay the proceedings pursuant to the provisions of La.R.S. 9:4202 which provides:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement ...
This probably explains why the trial judge signed an order directing arbitration after he was apprised of the fact that the defendant had refused to arbitrate after the exceptions had been sustained. Given the fact that the defendants refuse to arbitrate, the trial court is hereby ordered to conduct the necessary proceedings to determine the merits of the appellant’s claims.
This case is hereby remanded for additional proceedings consistent with this opinion.

REVERSED AND REMANDED.