NO.
12-06-00355-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

STRUCTURED CAPITAL   

RESOURCES CORPORATION,    §          APPEAL
FROM THE 349TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

ARCTIC COLD 

STORAGE, LLC AND

MICKEY COX,          §          ANDERSON
COUNTY, TEXAS

APPELLEES

 

 

NO. 12-06-00413-CV

 

§          

IN RE: STRUCTURED
CAPITAL

RESOURCES CORPORATION,    §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



OPINION

            Structured
Capital Resources Corporation (SCR) seeks relief from the trial court’s order
denying arbitration of its contract dispute with Arctic Cold Storage, LLC and
Mickey Cox (collectively ACS).  SCR has
sought relief by petition for writ of mandamus based on the Federal Arbitration
Act (FAA) and by interlocutory appeal based on the Texas Arbitration Act.  We consolidate the two proceedings.  Because the FAA is applicable and SCR did not
waive its right to arbitration, we conditionally grant mandamus relief.  We dismiss the interlocutory appeal for want
of jurisdiction. 

 








Background








            On
September 8, 2005, the parties entered into an agreement by which SCR, Global
Positioning Standards LLC (GPS), and Parkway Financial were to arrange
financing for ACS for a six percent placement fee.  The contract provides for arbitration of
disputes arising out of the agreement. 
On March 30, 2006, ACS closed on a loan for approximately $5,500,000.00,
which SCR arranged pursuant to that agreement. 
At the insistence of the lender at closing, ACS deposited $330,000.00
for SCR’s fee in escrow with the title company. 
However, ACS refused to pay SCR the full six percent required by the
agreement, offering instead a $50,000.00 settlement.  SCR filed its original petition and
application for temporary restraining order on April 11, 2006, alleging breach
of contract and requesting the court prevent ACS from removing the funds from
escrow.  The trial court granted SCR’s
request for emergency relief. 
Nonetheless, ACS transferred approximately $240,000.00 of the money out
of escrow.  SCR then asked the trial
court for a temporary injunction ordering ACS to tender the money into the
registry of the court.  The trial court
granted that request on May 8, 2006.

            ACS
filed a counterclaim against SCR and a third party petition against Everette
Hull, president of SCR.  Trial was set
for September 5, 2006.  However, on
August 2, GPS filed a plea in intervention claiming that ACS breached the loan
brokerage agreement with GPS.  ACS
counterclaimed against GPS.  At the
request of GPS, the trial date was postponed to October 2, 2006.  On August 24, 2006, the parties attended
mediation.  Mediation was not
successful.  On September 5, SCR moved to
abate the proceedings, requesting the trial court order arbitration.  The trial court denied the motion to abate on
September 22, 2006.  SCR filed both a
petition for writ of mandamus and an interlocutory appeal in this court
complaining of the trial court’s action.

Jurisdiction

            By
statute, the denial of a motion to compel arbitration under the Texas
Arbitration Act is appealable.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 171.098 (Vernon 2005); In re Valero Energy Corp., 968 S.W.2d
916, 916 (Tex. 1998) (orig. proceeding). 
However, mandamus is appropriate when a state court erroneously denies a
motion to compel arbitration under the federal scheme.  In re Valero Energy Corp., 968
S.W.2d at 916.  At oral argument, the
parties agreed that the Federal Arbitration Act controls in this case.  Therefore, we dismiss SCR’s interlocutory
appeal, our number 12-06-00355-CV, for want of jurisdiction and consider only
the petition for writ of mandamus.

Standard of
Review

            Mandamus
is proper to correct a clear abuse of discretion when there is no adequate
remedy by appeal, as when a party is erroneously denied its contracted for
arbitration rights under the FAA.  In
re D. Wilson Constr. Co., 196 S.W.3d 774, 780 (Tex. 2006) (orig.
proceeding).  A clear abuse of discretion
occurs when the trial court errs in analyzing or applying the law to the facts
or when the trial court has but one reasonable decision and does not make that
decision.  Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). 

 

Denial of
Motion to Abate for Arbitration

            In
its sole issue, SCR contends the trial court abused its discretion in denying
its motion to abate for arbitration because SCR did not waive the right to
arbitrate.  It asserts that it sought
emergency relief to preserve the status quo until it could arbitrate the
dispute, but did not request the court to resolve the case on the merits, and
it engaged in minimal litigation only. 
SCR argues that it did not substantially invoke the judicial process and
ACS did not prove it was prejudiced by SCR’s acts.

Applicable Law

            The
party resisting arbitration has the burden to present evidence on its defense
to the arbitration agreement, including the defense of waiver.  In re Oakwood Mobile Homes, Inc.,
987 S.W.2d 571, 573 (Tex. 1999) (orig. proceeding).  Whether a party’s conduct waives its
arbitration rights is a question of law and depends on the individual facts and
circumstances of each case.  Id.
at 574; Southwind Group, Inc. v. Landwehr, 188 S.W.3d 730, 735
(Tex. App.–Eastland 2006, orig. proceeding). 
Waiver may be implied or express, but it must be intentional.  See EZ Pawn Corp. v. Mancias,
934 S.W.2d 87, 89 (Tex. 1996) (orig. proceeding).  Because public policy favors resolving
disputes through arbitration, there is a strong presumption against the waiver
of contractual arbitration rights.  In
re Oakwood, 987 S.W.2d at 574. 
Accordingly, we resolve any doubts about waiver in favor of
arbitration.  Id.  Waiver may be found when it is shown that a
party acted inconsistently with its right to arbitrate and such actions
prejudiced the other party.  Id.  A party waives an arbitration clause when it
substantially invokes the judicial process to the other party’s detriment.  In re Bank One, N.A., 216
S.W.3d 825, 827 (Tex. 2007) (orig. proceeding). 
Substantially invoking the judicial process may occur when the party
seeking arbitration has filed motions going to the merits to obtain a final
resolution of the dispute.  See In
re Vesta Ins. Group, Inc., 192 S.W.3d 759, 764 (Tex. 2006) (orig.
proceeding); Williams Indus., Inc. v. Earth Dev. Sys. Corp., 110
S.W.3d 131, 135 (Tex. App.–Houston [1st Dist.] 2003, no pet.).

Substantially Invoking the Legal
Process

            ACS
asserts that SCR substantially invoked the legal process by pursuing the court
order that  kept $330,000.00 out of ACS’s
reach.  We disagree.  SCR’s request that the funds be placed in the
court’s registry was presented as a request for an injunction.  ACS points out that this is not the proper
procedure.  An order requiring the
deposit of funds into the registry of a court cannot be characterized as an
appealable temporary injunction, even if entered in response to a motion for
injunctive relief.  Faddoul,
Glasheen & Valles, P.C. v. Oaxaca, 52 S.W.3d 209, 212 (Tex. App.–
El Paso 2001, no pet.).  However, it is
entirely permissible for a trial court to order disputed funds paid into the
registry of the court until its ownership is determined if there is evidence
that the funds are in danger of being lost or depleted.  Castilleja v. Camero, 414
S.W.2d 431, 433 (Tex. 1967) (orig. proceeding). 
Central to the question before us is the fact that merely placing the
funds into the court’s registry does not settle the question of who the funds
belong to, and therefore such an order cannot be considered an order on the
merits.  

            The
same result ensues if the court’s order placing the money into the court’s
registry were actually an injunction. 
The purpose of a temporary injunction is to preserve the existing
condition until a final hearing can be had on the merits.  Cave v. Montgomery, 259 S.W.2d
924, 926 (Tex. Civ. App.–Amarillo 1953, writ ref’d n.r.e.).  A proper request for temporary injunctive
relief is not a request for a final disposition.  See id.  Further, the FAA does not preclude a court
from issuing injunctive relief, including a preliminary injunction, to preserve
the status quo during the process of arbitration, where the contract at issue
reflects a consensus of the parties that such relief was contemplated.  RGI, Inc. v. Tucker & Assocs., Inc.,
858 F.2d 227, 230 (5th Cir. 1988). 
Moreover, while disallowed in at least two circuits, the issuance of
preliminary injunctions as a means of preserving the status quo pending
arbitration is permitted in several federal circuits, even in the absence of a
prior agreement by the parties to use injunctive relief.  See Speedee Oil Change Sys., Inc. v. State
Street Capital, Inc., 727 F. Supp. 289, 291 (E.D. La. 1989).  Ultimately, a preliminary injunction can be
used to prevent injury and, in the process, protect the integrity of the
applicable dispute resolution process.  See
Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806, 814 (3rd Cir.
1989).  

            From
SCR’s perspective, a temporary injunction, or court order, to maintain the
status quo, that is, keep the money from disappearing, was desirable whether it
was going to trial or arbitration. 
Requesting either a temporary injunction or an order requiring the
deposit of disputed funds into the court’s registry is not inconsistent with
the right to arbitrate.  We cannot use
SCR’s request for injunctive relief to infer that it intentionally relinquished
its right to arbitration.  See In
re D. Wilson Constr. Co., 196 S.W.3d at 783 (party that filed a suit to
obtain injunctive relief to preserve evidence in a personal injury case pending
in a separate court, where it also filed cross actions, did not waive its right
to arbitrate).

Prejudice to ACS 


            SCR
propounded three discovery documents including requests for disclosure,
interrogatories, and production, and a fourth document merely requesting
identification of items previously requested but not produced.  In furtherance of its own claims, ACS
presented nine discovery requests to SCR, Hull, and GPS.  The record does not contain most of ACS’s
requests or any responses from any party. 
The parties began, but did not finish, the deposition of Everette Hull.

            Taking
unfair advantage of discovery proceedings that would not have been available in
arbitration might constitute sufficient prejudice to infer waiver.  Tenneco Resins, Inc. v. Davy Int’l, AG,
770 F.2d 416, 421 (5th Cir. 1985). 
However, when only a minimal amount of discovery has been conducted,
which may also be useful for the purpose of arbitration, the court should not
ordinarily infer waiver based on prejudice to the party opposing the motion to
stay litigation.  Id; see
also In re D. Wilson Constr. Co., 196 S.W.3d at 783; In
re Vesta, 192 S.W.3d at 763; In re Bruce Terminix Co.,
988 S.W.2d at 704-05.

            The
parties’ agreement states that arbitration is to be conducted in accordance
with the rules and procedures of the American Arbitration Association.  Those rules permit the arbitrator to allow
discovery.  See In re Bruce
Terminix Co., 988 S.W.2d at 704-05. 
There is nothing to indicate that the discovery propounded by SCR, if
responded to at all, would not be useful in arbitration.  See In re Vesta,192 S.W.3d at
763.  There is no indication that SCR
obtained sensitive documents or information through the discovery process that
it would not have been able to obtain in the arbitration proceeding.  Williams Indus., Inc., 110
S.W.3d at 140. 

            Counsel
for ACS stated on the record that, as of the date of the hearing on the motion
for arbitration, ACS had incurred “in the neighborhood of $35,000.00 in
attorney’s fees in this lawsuit.”  No
evidence of fees or costs was presented. 
Nothing shows how much of the attorney’s fees was attributable to SCR’s
complained of actions.  See Williams
Indus., Inc., 110 S.W.3d at 140. 
Much of the costs incurred by ACS necessarily resulted from its
prosecution of its own claims against SCR, Hull, and GPS.  See In re Vesta, 192 S.W.3d at
763.  Further, there is no evidence that
the time and funds expended would not have been expended or inured to ACS’s
benefit in arbitration.  See Transwestern
Pipeline Co. v. Horizon Oil & Gas Co., 809 S.W.2d 589, 593 (Tex.
App.–Dallas 1991, writ dism’d w.o.j.). 
Generalized complaints about delay and expense, absent explanations and
evidentiary support, will not establish prejudice.  See Williams Indus., Inc., 110
S.W.3d at 139.

            To
support its argument that SCR waived arbitration, ACS relies on the case of Marble
Slab Creamery, Inc. v. Wesic, Inc., 823 S.W.2d 436 (Tex. App.–Houston
[14th Dist.] 1992, no writ).  Marble Slab
was both the plaintiff and the proponent of arbitration.  Over the course of approximately eight
months, Marble Slab obtained a temporary injunction, the defendant filed
counterclaims and a third party suit, and the defendant was ordered to submit
to mediation, participated in depositions, and responded to requests for
admissions, requests for production, and interrogatories.  Marble Slab requested arbitration a little
over a month before the trial date.  The
court described Marble Slab’s actions as the “active pursuit of its legal
remedies” and held those actions sufficient to constitute waiver of its right
to compel arbitration.  Id.
at 438. 

            At
first blush, it would appear that Marble Slab supports ACS’s
position.  However, we decline to follow Marble
Slab.  There, the time period
between filing suit and requesting arbitration was twice as long as in the
instant case.  Moreover, the court listed
generally the types of discovery the parties had participated in but did not
specifically state the extent of discovery. 
Due to the lack of specificity in the opinion, we cannot determine that
the facts in Marble Slab are sufficiently analogous to the facts
here to justify reliance on that case. 
ACS did not meet its burden to prove that SCR substantially invoked the
judicial process to ACS’s prejudice thereby waiving its right to
arbitrate.  Therefore, ACS has not
overcome the strong presumption against waiver of SCR’s contractual arbitration
rights.  See In re Oakwood,
987 S.W.2d at 574.

 

Conclusion

            We
conclude that SCR’s conduct, as a matter of law, did not result in the waiver
of its arbitration rights.  Accordingly,
the trial court abused its discretion by denying SCR’s motion to compel
arbitration.  Therefore, we conditionally
grant mandamus relief on SCR’s motion to abate and compel
arbitration.  We trust that the trial
court will promptly vacate its order of September 22, 2006 denying SCR’s motion
to abate and compel arbitration and issue an order granting the motion to abate
and compel arbitration.  The writ will
issue only if the trial court fails to comply with this court’s opinion and
order within ten days.  The trial court
shall furnish this court, within the time for compliance with this court’s
opinion and order, a certified copy of its order evidencing such compliance.

            We
dismiss SCR’s interlocutory appeal for want of jurisdiction.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered October 24, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)