# United States Court of Appeals for the Fifth Circuit

No. 20-30187
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 6, 2020

Lyle W. Cayce
Clerk

PCL Civil Constructors, Incorporated,

*Plaintiff—Appellant*,

*versus*

Arch Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CV-491

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

STEPHEN A. HIGGINSON, *Circuit Judge*:

PCL Civil Constructors, Inc. ("PCL") appeals a judgment of dismissal without prejudice based on *forum non conveniens*. The district court enforced a disputed forum selection clause requiring litigation in the 19th Judicial District Court in and for the Parish of East Baton Rouge, Louisiana. Because the forum selection clause is mandatory and enforceable, and because the appellant has waived any argument that public interest requires retention of this lawsuit in the federal court system, we AFFIRM.

No. 20-30187

## I.

The disputed forum selection clause applies to the parties before the court by way of three contracts that incorporate each other's terms: (1) the "Prime Contract"—a contract between PCL, a general contractor, and its client, the Louisiana Department of Transportation and Development ("DOTD"); (2) the "Subcontract"—a contract between PCL and a subcontractor, Command Construction Industries, LLC ("Command"); and (3) the "Bond"—a contract detailing the terms of a performance bond between Command and a surety company, Arch Insurance Company ("Arch").

First, PCL entered into a contract with the Louisiana DOTD to perform work on a public works project (the "Prime Contract"). The Prime Contract enumerates a list of "Contract Documents" that are incorporated into the Prime Contract, including the Louisiana Standard Specifications for Roads and Bridges, 2006 Edition (the "2006 Standard Specifications"). Section 107.01 of the 2006 Standard Specifications provides the disputed forum selection clause: that "any litigation arising under or related to the contract or the bidding or award thereof shall be instituted in the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana."

In turn, PCL, as general contractor, entered into a contract with subcontractor Command to perform certain work on the DOTD project (the "Subcontract"). The Subcontract incorporates the Uniform Special Conditions to Subcontract, and Article 1.1 of Uniform Special Conditions to Subcontract provides that all provisions of the Prime Contract are incorporated into the Subcontract: "The Prime Contract is incorporated herein by reference and made an integral part of the Subcontract."

2

No. 20-30187

Finally, in connection with its work on the DOTD project, Command provided a performance bond (the "Bond") for $2,223,144.00 issued by Arch. The Bond names PCL as obligee and incorporates the Subcontract, providing that the "Subcontract is by reference made a part hereof."

In short, the Bond incorporates the Subcontract in its entirety, which incorporates the Prime Contract in its entirety.

The instant dispute arose when, resting on diversity jurisdiction, PCL sued Arch in the United States District Court for the Western District of Louisiana, alleging that Command had defaulted under the Subcontract and seeking payment under the Bond from Arch. Arch filed a motion to dismiss on the ground of *forum non conveniens*, arguing that any dispute must be brought in the 19th Judicial District Court in and for the Parish of East Baton Rouge, as provided in the Prime Contract. The district court granted Arch's motion, and PCL appealed.

## II.

*Forum non conveniens* is a doctrine under which a court may decline to exercise its jurisdiction and dismiss a case that is otherwise properly before it so that the case can be adjudicated in another forum. *Forum non conveniens* is "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013).

When reviewing *forum non conveniens* rulings involving forum selection clauses, "[w]e review *de novo* the district court's conclusions that the [forum selection clause] was mandatory and enforceable." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016). Then, "[w]e

3

review for abuse of discretion the district court's use of *Atlantic Marine*'s balancing test" of public-interest factors. *Id.*

## A.

We first consider, *de novo*, whether the forum selection clause is mandatory or permissive. *Id.* at 768. A forum selection clause is mandatory if it "affirmatively requires that litigation arising from the contract be carried out in a given forum." *Id.*

Here, the forum selection clause provides that "any litigation arising under or related to the contract or the bidding or award thereof *shall* be instituted in the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana" (emphasis added). Under Louisiana law,[1] the word "shall" is routinely construed as mandatory. *See, e.g., Bateman v. Louisiana Pub. Emps. Council No. 17 of Am. Fed'n of State, Cty. & Mun. Emps., AFL-CIO, 94-1951* (La. App. 4 Cir. 7/26/95); 660 So. 2d 80, 82 (affirming a trial court's interpretation of the word "shall" as "mandatory" in a contract provision); *cf.* LA. STAT. ANN. § 1:3 ("The word 'shall' is mandatory and the word 'may' is permissive."); LA. CODE CIV. PROC. ANN. art. 5053 (same); LA. CODE CRIM. PROC. ANN. art. 5 (same). Accordingly, we find that the district court correctly held that the forum selection clause is mandatory.

---

[1] When interpreting the words in a forum selection clause, "[a] federal court sitting in diversity applies the forum state's choice-of-law rules to determine which substantive law will apply." *Weber*, 811 F.3d at 770. Here, we do not undertake a choice-of-law analysis because the parties do not appear to dispute that Louisiana law governs the interpretation of the contracts in this case.

No. 20-30187

**B.**

We next consider, *de novo*, whether the forum selection clause is enforceable. *Weber*, 811 F.3d at 766. Federal law applies to determine the enforceability of forum selection clauses in diversity cases. *All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008). Under federal law, the party resisting enforcement of a forum selection clause bears a "heavy burden of proof," *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth v. Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)), and this court "applies a strong presumption in favor of the enforcement of mandatory [forum selection clauses]," *Weber*, 811 F.3d at 773. When "a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable." *Ginter*, 536 F.3d at 441. A party may show the disputed clause is unreasonable if

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth*, 121 F.3d at 963 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–13, 15, 18 (1972)). Here, PCL has not presented any argument that supports a

No. 20-30187

finding that the forum selection clause is unreasonable. The district court correctly held that the forum selection clause is enforceable.

## C.

Finally, in a typical case involving a mandatory, enforceable forum selection clause, we would "review for abuse of discretion the district court's use of *Atlantic Marine*'s balancing test" of public-interest factors. *Weber*, 811 F.3d at 766. However, PCL does not challenge the district court's balancing of the public-interest factors and thus waives this argument on appeal. *United States v. Young*, 872 F.3d 742, 747 (5th Cir. 2017).

## III.

PCL's primary argument in the district court and on appeal is that the forum selection clause in Section 107.01 of the 2006 Standard Specifications simply does not govern the instant suit. Specifically, PCL argues that the Bond does not incorporate the portion of the Prime Contract that contains the forum selection clause (Section 107.01 of the 2006 Standard Specifications), so the clause cannot govern the dispute between PCL and Arch. In response to this argument, the district court held that it is "unambiguously clear from the governing documents at issue that the Bond incorporates Section 107.01 through Plaintiff's underlying Subcontract with Command, which thereby incorporates the Prime Contract itself." Whether a contract is ambiguous, as well as the interpretation of an unambiguous contract, are questions of law that are reviewed *de novo*. *Texas v. Am. Tobacco Co.*, 463 F.3d 399, 406 (5th Cir. 2006) (citing *Stinnett v. Colorado Interstate Gas. Co.*, 227 F.3d 247, 254 (5th Cir.2000)).

It is a well established rule of contract law that "separate documents may be incorporated into a contract by attachment or reference thereto."

*Russellville Steel Co. v. A & R Excavating, Inc.*, 624 So. 2d 11, 13 (La. Ct. App. 1993) (citing *Action Fin. Corp. v. Nichols*, 180 So. 2d 81, 83 (La. Ct. App. 1965)).     Here, the Bond specifically incorporates the Subcontract ("Subcontract is by reference made a part hereof"), which in turn specifically incorporates the Prime Contract ("The Prime Contract is incorporated herein by reference and made an integral part of the Subcontract."). Indeed, as this court has previously recognized, "where a contract expressly refers to and incorporates another instrument in specific terms which show a clear intent to incorporate that instrument into the contract, both instruments are to be construed together." *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 267 (5th Cir. 2011). We find that the district court correctly held that the Bond incorporates the forum selection clause in Section 107.01 of the 2006 Standard Specifications.

Nevertheless, PCL argues that a forum selection clause in a different provision, Article 12.9.5 of the Uniform Special Conditions to Subcontract (incorporated in the Subcontract), should govern this dispute rather than Section 107.01. Article 12.9.5 provides that "[a]ny mediation, arbitration or legal proceeding permitted hereunder shall be commenced and proceed in the county in which the Project is located, unless the parties agree in writing to a different location." The district court rejected this argument, explaining that Article 12.9.5 "expressly states that it will not apply if the parties agree in writing to a different location, which the parties have plainly done as provided in Section 107.01."

Under Louisiana contract law, "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." LA. CIV. CODE ANN. art. 2050. As we determined above, the Bond fully incorporates the Subcontract, which fully incorporates the Prime Contract. Thus, we must read Section 107.01 together with Article 12.9.5. In doing so we agree with the district court's

No. 20-30187

interpretation that, as contemplated by Article 12.9.5, the parties before the court, and as incorporated in the relevant governing documents, have "agreed in writing to a different location" for litigation:  the 19th Judicial District Court in and for the Parish of East Baton Rouge, as provided in Section 107.01.

## IV.

The forum selection clause contained in Section 107.01 of the 2006 Standard Specifications governs the dispute at issue, is mandatory, and is enforceable.  Appellant has waived any argument that public-interest factors require retention of this suit in the federal court system.  The district court's dismissal without prejudice on the ground of *forum non conveniens* is AFFIRMED.