**Bill MORGAN et al., Petitioners,**

v.

**Lucille WILLIAMS, d/b/a The Doll House, Respondent.**

**No. B–9785.**

Supreme Court of Texas.

Dec. 31, 1980.

Rehearing Denied Feb. 11, 1981.

---

James A. Rupard, Garland, for petitioners.

Dawson, Dawson, Sodd & Davis, Barbara Moe, Corsicana, for respondent.

**PER CURIAM.**

This is an appeal from a temporary injunction. Plaintiff, Lucille Williams, d/b/a The Doll House, brought this suit against defendants, Bill Morgan and George Morgan, d/b/a Cari Anne Co., seeking a temporary restraining order, temporary injunction and permanent injunction to enjoin defendants from certain business practices. The suit was filed in Navarro County although both defendants were alleged to be residents of Dallas County. The trial court granted a temporary injunction after overruling defendants' objection that the Navarro County District Court lacked authority to grant injunctive relief against these non–residents under Article 4656.[1] The court of civil appeals affirmed. 603 S.W.2d 333.

Article 4656 provides:

Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; *writs of injunction for other causes*, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court *of the county in which such party has his domicile*, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there

---

1. All statutory references are to Vernon's Texas Revised Civil Statutes.

be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile. (Emphasis Added)

The only relief sought by plaintiff was injunctive. Article 4643 directs that in this type of suit, no district judge shall issue a writ returnable to any court other than his own except in specified emergency situations and upon adequate proof of the emergency. In *Ex Parte Coffee*, 160 Tex. 224, 328 S.W.2d 283 (1959), we held that when a suit is one for purely injunctive relief, a temporary injunction granted by a district court in a county other than one of the defendant's residence was not VOID. The temporary injunction was thus not subject to a collateral attack and relator's habeas corpus petition was denied. However, it was expressly held that such an order was irregular and erroneous.

The defendants timely objected to the issuance of the temporary injunction by the Navarro County District Judge. No emergency situation was shown by plaintiff as provided in Article 4643. Defendants perfected this appeal after their objection was overruled and the injunction was issued.

The trial court erred by issuing the temporary injunction against these non–residents contrary to the express provisions of Article 4656. Accordingly, the application for writ of error is granted and, without hearing oral argument, we reverse the judgment of the court of civil appeals and set aside the temporary injunction. Rule 483, Texas Rules of Civil Procedure.