**John R. TRICE, Individually and d/b/a J & J Sand & Gravel Company, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–85–136–CV.**

Court of Appeals of Texas, Waco.

June 25, 1985.

---

**1.** Quoting *Jackson v. Virginia,* 443 U.S. 307, 99    S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Greg White, McGregor & White, Waco, for appellant.

Jim Mattox, Atty. Gen., David R. Richards, Executive Asst. Atty. Gen., Ben F. McDonald, Group Leader, Energy & Environmental Protection Div., Jim Mathews, Asst. Atty. Gen., Chief Environmental Protection Div., John R. Carter, Asst. Atty. Gen., Austin, for appellee.

## OPINION

THOMAS, Justice.

This is an appeal by John Trice, individually and doing business as J & J Sand & Gravel Company, from a temporary injunction entered by the 74th District Court of McLennan County in favor of the State of Texas. The injunction temporarily enjoined Trice from using or completing construction of a bridge across the Brazos River.

Trice contends that the injunction should be dissolved because it was issued in violation of articles 4656 and 4643.[1] We dismiss the appeal because article 1995 prohibits an interlocutory appeal from a venue determination.

Trice had almost completed construction of a concrete box-culvert bridge across the Brazos River in McLennan County when the State filed suit. The State alleged that the banks, riverbed and water of the Brazos River are the property of the State of Texas and that the bridge constituted an obstruction to the river's navigation, an appropriation of public property for private use (purpresture) and a public nuisance. The State also asserted that Trice had committed a trespass by constructing the bridge on State property and by taking sand and gravel from the riverbed without a permit. Among other relief, the State sought damages for the gravel that had been removed from the riverbed during the bridge's construction, a preliminary restraining order and a temporary injunction. The State also sought a permanent injunction to compel Trice to dismantle and remove the bridge from the river.

At a hearing on the temporary injunction, Trice presented a motion to transfer the proceeding to Dallas County, the county of his domicile. He argued that, under article 4656, the mandatory venue for the injunction proceeding was in the county of his domicile. However, the court overruled the motion to transfer. Trice then objected to the court granting a temporary injunction because, under article 4656, any writs of injunction against him must be returnable to and tried in Dallas County. He argued that an injunction issued by the district court in violation of article 4656 would be irregular and erroneous. The court overruled Trice's objection and granted the temporary injunction.

■ Trice's sole point of error is that the court violated articles 4656 and 4643 when

---

1. References to articles are to the Texas Revised Civil Statutes Annotated.

it granted the temporary injunction.[2] The State describes Trice's appeal as an interlocutory appeal from a venue determination which violates article 1995. Trice acknowledges that article 1995 now prohibits interlocutory appeals from venue determinations. *See* Tex.Rev.Civ.Stat. Ann. art. 1995 § 4(d)(2) (Supp.1985); *see also* Tex.R.Civ.P. 87(6). He insists, however, that this is not an interlocutory appeal from a venue ruling but is instead an appeal from a temporary injunction which is irregular and erroneous because it was granted in violation of article 4656. Trice's point of error cannot be considered.

Article 4656 provides:

Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile.

Tex.Rev.Civ.Stat.Ann. art. 4656.

Except where the action is to stay proceedings in a suit or to enjoin execution on a judgment, article 4656 is not jurisdictional but is primarily a venue statute. *Ex parte Coffee*, 160 Tex. 224, 328 S.W.2d 283, 290 (1959). Because the State did not seek to enjoin proceedings in a suit or to enjoin execution on a judgment, article 4656, if applicable, must therefore be considered a venue statute. *See id.*

Trice relies upon *Morgan v. Williams*, 610 S.W.2d 467 (Tex.1980), to support his argument that he can take an interlocutory appeal from a temporary injunction that is granted in violation of article 4656. We do not consider *Morgan* as controlling because *Morgan* was decided prior to the amendment of article 1995 which now prohibits interlocutory appeals from venue determinations. To allow Trice to appeal the temporary injunction on the ground that it was granted by a district court outside the county of his domicile would emasculate the express prohibition in article 1995 against interlocutory appeals from venue rulings. Because article 4656 is primarily a venue statute under the circumstances of this case, we hold that article 1995 now prohibits an interlocutory appeal from a temporary injunction even though the injunction may have been granted in violation of article 4656. Therefore, we cannot reach the merits of Trice's claim that article 4656 is applicable or that the injunction was irregular and erroneous because it was granted in violation of article 4656.

We construe Trice's complaint that the temporary injunction was irregular and erroneous because it was not issued by or returnable to the county of his domicile as an interlocutory appeal from a venue determination, which is now prohibited by article 1995 and Tex.R.Civ.P. 87(6). Accordingly, the appeal is dismissed.

---

2. We do not discuss article 4643 because the temporary injunction was made returnable to the court in which the injunction proceeding was tried. *See* Tex.Rev.Civ.Stat.Ann. art. 4643 (Vernon's 1940) (listing the situations in which a court may grant a writ of injunction returnable to another court).