**GUARDIAN SAVINGS AND LOAN ASSOCIATION, et al., Appellants,**

v.

**Stanley J. WILLIAMS, et al., Appellees.**

**No. 01–87–00051–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 23, 1987.

Grant Cook, Harold M. Finnegan, Reynolds, White, Allen & Cook, Houston, for appellants.

Terrell W. Oxford, Franci N. Beck, Susman, Godfrey & McGowen, Houston, Michael E. Orsak, Sugar Land, for appellees.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from an interlocutory order granting a temporary injunction.

Guardian Savings and Loan Association, et al., hereinafter ("Guardian") appeal from an order by the trial court granting a temporary injunction enjoining the foreclosure of two tracts of land, one in Harris County and one in Fort Bend County.

In its first point of error, Guardian contends that the trial court improperly issued the temporary injunction because mandatory venue for a cause of action involving land in Harris County lies in the county where the land is situated.

■ We do not address Guardian's first point of error because there is no appeal from an interlocutory venue determination. Tex.Civ.Prac. & Rem.Code Ann. § 15.064(a) (Vernon 1985); *accord Trice v. State*, 694 S.W.2d 616 (Tex.App.—Waco 1985, no writ).

In its second point of error, Guardian contends that the trial court erred in granting the temporary injunction because Williams failed to show that he would suffer irreparable injury; that he was equitably entitled to the injunction; and that he would prevail on the merits.

The decision to grant or deny a temporary injunction lies within the discretion of the trial court and may be reversed on appeal only by a showing of abuse of discretion. *Brooks v. Expo Chemical Co.*, 576 S.W.2d 369, 370 (Tex.1979).

■ Guardian contends that any damages suffered by Williams are compensable by the payment of monetary damages, and therefore, irreparable injury is not shown. Williams's pleadings assert irreparable harm in that "a foreclosure sale will deprive plaintiffs of their further ability to develop and utilize the property, will deprive plaintiffs of their right to sell or mortgage the property at some future date, and will deprive plaintiffs of the full benefit of the value of the property." At the hearing for the temporary injunction, Williams testified that the foreclosure would ruin his reputation, prevent him from borrowing money at any other financial institution in the United States, and would significantly impair his business as a developer.

We find sufficient evidentiary basis for the trial court's determination that Williams has shown irreparable injury. The evidence shows that Williams was a developer and had entered into an agreement to develop three tracts of land. If the land was sold at a foreclosure sale, Williams would not only lose his equity in the land, but his development business would be interrupted. He would lose other developments because of the damage to his reputation in the industry and because of his inability to borrow funds. *See Irving Bank & Trust Co. v. Second Land Corp.*,

544 S.W.2d 684 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.) (which held that the loss of equity in land, the interruption of the partnership business, and the requirement to secure another source of sand and gravel are circumstances not adequately compensated by money damages). Considering the above, as well as the unique nature of real estate, we find that Williams's damages are not monetarily compensable as alleged by Guardian. *See Greater Bank v. Conte,* 641 S.W.2d 407 (Tex.Civ.App — Houston [14th Dist.] 1982, no writ) (which held that every piece of real estate is unique, and therefore the trial court did not abuse its discretion in granting a temporary injunction to prevent foreclosure).

Our holding in *Ginther-Davis v. Houston National Bank,* 600 S.W.2d 856 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), is distinguishable from the present case. In *Ginther,* the movants for the injunction alleged that the real estate was unique but did not explain how that was so. The movants' objective was to sell the property, not preserve it, and they presented no evidence to the trial court that money damages would not compensate them. In the instant case, the real estate is strategically located for developmental purposes, and the appellees' objective is to pursue its development.

■ Next, Guardian asserts that Williams is not equitably entitled to a temporary injunction.

It is undisputed that Guardian approached Williams, suggested the joint venture agreement, and proposed the agreement's terms. Williams testified that Guardian assured him that it would "carry" the loans until profits could be generated to repay it. In fact, the evidence shows that two extensions were granted.

In seeking to foreclose, Guardian contends that the equities tip in its favor because Guardian is required to maintain a non-performing loan, and interest is accruing daily. Guardian claims that by foreclosure, its damages could be mitigated. But there was no evidence that Guardian had a potential purchaser of the property, nor was there evidence to indicate that the value of the property was declining. The purpose of a temporary injunction is to maintain the status quo pending a determination of the case on the merits. *See Martin v. Linen Systems for Hospitals, Inc.,* 671 S.W.2d 706 (Tex.App.—Houston [1st Dist.] 1984, no writ).

■ Finally, Guardian asserts that Williams has not established probable success on the merits. We disagree. Williams's expert testified that the calculation of interest rates on the loans exceeded the maximum permissible interest charges and were usurious. That testimony was not controverted.

In conclusion, we find that the trial court did not abuse its discretion in granting the temporary injunction to maintain the status quo pending the outcome of the trial on the merits.

The order of the trial court is affirmed.