Curtis SWANSON, R. Stephen Cavender, and Betty Rattan, Appellants,

v.

COMMUNITY STATE BANK, Appellee.

No. 01–99–01075–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 10, 2000.

Thomas G. Overbeck, Houston, for Appellants.

Craig R. Denum, Boude E. Storey, II, Houston, for Appellee.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.*

## OPINION

MICHOL O'CONNOR, Justice.

Curtis Swanson, R. Stephen Cavender, and Betty Rattan, the defendants below and appellants here, appeal from an order permitting Community State Bank, the plaintiff below and appellee here (the Bank), to liquidate stock owned by the defendants. We dismiss for want of jurisdiction.

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at

### Factual and Procedural Background

The Bank loaned Swanson and Cavender over a million dollars. Swanson and Cavender secured the debt by granting the Bank a security interest in shares of Restaurant Teams International Inc. (RTIN) stock. Rattan, a third party, also pledged RTIN stock to secure a third note executed by Cavender. Swanson and Cavender defaulted, and the Bank sued Swanson, Cavender, and Rattan, claiming an interest in 606,638 shares and 129 warrants of RTIN stock. The Bank sued to foreclose its security interest in the stock and requested a temporary restraining order to restrain transfer or sale of the stock. The restraining order was granted, but has since expired. The defendants answered and counterclaimed. The parties agreed that the Bank would hold the stock in custodia legis.

The Bank filed a pretrial motion to liquidate the stock and apply the proceeds to the debt. The Bank asserted that the value of the stock was diminishing. The trial court signed an order that granted the motion on the condition that the Bank post a bond as security for the defendants' counterclaims. This appeal of that order followed.

### Jurisdiction of this Court

■ As a preliminary matter, we consider the Bank's motion to dismiss the appeal for lack of jurisdiction. The Bank contends the trial court's order allowing it to liquidate the stock is not an appealable interlocutory order. The defendants contend the trial court's order is a temporary injunction subject to appeal under Texas Civil Practice and Remedies Code section 51.014(a)(4). See Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (a person may appeal from an interlocutory order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a tempo-

Houston, participating by assignment.

rary injunction as provided by Chapter 65 [of the Texas Civil Practice and Remedies Code]."). Therefore, we must determine whether the trial court's order is a temporary injunction.

■■■■ An injunction is a judicial order or process, operating upon the person to whom it is directed to do or refrain from doing some designated thing. *North Side Bank v. Wachendorfer*, 585 S.W.2d 789, 793 (Tex.App.—Houston [1st Dist.] 1979, no writ). The classification of an order as a temporary injunction is controlled by the character and the function of the order, not by its form. *See Del Valle Indep. School Dist. v. Lopez*, 845 S.W.2d 808, 809–10 (Tex.1992) (a temporary injunction operates until dissolved by an interlocutory order or until a final hearing); *Markel v. World Flight, Inc.*, 938 S.W.2d 74, 78 (Tex. App.—San Antonio 1996, no writ) (appeal of order containing three different rulings, one of which was a temporary injunction). A trial court cannot circumvent an interlocutory appeal merely by the label it attaches to the order; it is the substance of the order that determines whether it is appealable. *Del Valle*, 845 S.W.2d at 809; *Markel*, 938 S.W.2d at 78.

■■■■ An injunction is a coercive order that is equitable in nature. *In re City of Dallas*, 977 S.W.2d 798, 804 (Tex.App.—Fort Worth 1998, no pet.). The purpose of a temporary injunction is to maintain the status quo pending trial on the merits. *Guardian Savings & Loan Ass'n v. Williams*, 731 S.W.2d 107, 109 (Tex.App.—

Houston [1st Dist.] 1987, no writ);[1] *see also In re City of Dallas*, 977 S.W.2d at 804 (function of injunctive relief is to restrain action and to enforce inaction).[2]

Here, the Bank's motion requested the trial court's permission to liquidate the RTIN stock and warrants and to apply the proceeds of the sale to the debt. The Bank did not ask for relief directing the defendants to do or refrain from doing anything. The trial court's order stated as follows:

> On the day the Court heard Community State Bank's Motion to Liquidate Stock and the Court after considering the same is of the opinion it should be granted.

> It is therefore Ordered that the 605,638 shares of Restaurant Teams International stock and the 129 warrants held by Community State Bank in custodia legis, be sold by Community State Bank and the proceeds from the sale be applied to the debt of Curtis Swanson, R. Stephen Cavender, and Betty Rattan, once Community State Bank posts a bond in the amount of $300,000 as security for counterclaims of [defendants].

The defendants rely on *Del Valle* for the proposition that we should look to the substance of the order, and not its form. *See Del Valle*, 845 S.W.2d at 809. In that case, the Del Valle Independent School District appealed from an "Order Adopting and Implementing Interim Election Plan" that required the holding of an election on May

---

**1.** In *Guardian Savings*, the trial court granted a temporary injunction enjoining Guardian Savings from foreclosing on real property. On appeal, Guardian Savings argued that foreclosure would mitigate its damages. 731 S.W.2d at 109. However, there was no evidence Guardian Savings had a potential buyer for the property or that the property's value was diminishing. Therefore, the appellate court concluded the injunction was necessary to maintain the status quo. *Id.*

**2.** In *City of Dallas*, Fort Worth filed suit against the City of Dallas and others, requesting a declaratory judgment that Dallas was "prohibited" from expanding commercial

flight operations into and out of Love Field. 977 S.W.2d at 801, 804. Fort Worth's petition and prayer for relief did not ask the trial court to order Dallas to do or not do anything. *Id.* at 804–05. The appellate court held that Fort Worth's lawsuit was not injunctive in nature. *Id.* at 805. The appellate court noted that the fact that a declaratory judgment adverse to Dallas's position would have the effect of restricting air passenger service out of Love Field did not transform Fort Worth's declaratory judgment action into a suit for a permanent injunction. *Id.* at 805–06

**166**

2, 1992 with six members selected from single-member districts and one at large. *Id.* While review was pending, the election was held under the court-mandated plan. *Id.*

The Austin Court of Appeals dismissed the appeal for want of jurisdiction, finding that the trial court's order was not a temporary injunction subject to review. *See Del Valle Indep. School Dist. v. Lopez,* 845 S.W.2d 916 (Tex.App.—Austin 1992), *rev'd* 845 S.W.2d 808 (Tex.1992). Although the Austin court recognized that the trial court provided mandatory, temporary relief by implementing an interim election plan pending the final resolution of the case, the court of appeals nevertheless held that the order did not grant "injunctive" relief. *Id.* at 918. The court of appeals distinguished the order from an injunction because the trial court did not issue a writ of injunction in accordance with Texas Civil Practice and Remedies Code section 65.022. *Id.*

The Supreme Court rejected the notion that matters of form control the nature of the order itself. 845 S.W.2d at 809. The Supreme Court held, "To reject the order's status as a temporary injunction based on a deficiency in form is to deny review of any defects that may render the order void." *Id.* at 809–10. Because the order was a temporary injunction, the school district was entitled to seek review in the court of appeals. *Id.*

As in *Del Valle,* we look to the character and function of the order at issue here to determine its classification. Although the order uses the phrase "It is therefore Ordered," the substance of the order is permissive in character, not mandatory. Presumably, if the value of the RTIN stock and warrants had increased after the motion to liquidate was filed, or even after the order was signed, the Bank could have chosen to not liquidate the stock and warrants. Accordingly, we hold that the order was not a temporary injunction.

This Court's jurisdiction over appeals of interlocutory orders is governed by Civil Practice and Remedies Code section 51.014. The order does not fall within the scope of section 51.014 and therefore not an appealable interlocutory order.

We dismiss for want of jurisdiction and remand for further proceedings.