PER CURIAM HEADING




 NO. 12-00-00311-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




DORITE ELECTRICAL AND

JAMES R. HANDY,
§
 APPEAL FROM THE 145TH

APPELLANTS



V.
§
 JUDICIAL DISTRICT COURT OF



ELLIOTT ELECTRIC SUPPLY, INC.,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS







PER CURIAM


 Appellee Elliot Electric Supply, Inc. ("Elliot") filed suit in Nacogdoches County against
Dorite Electrical and James R. Handy (collectively "Appellants") seeking payment of a debt
allegedly owed to Elliot. Appellants filed an Objection to Venue and a Motion to Transfer Venue
contending that the case should be transferred to Grimes County pursuant to the general venue rule
contained in section 15.002 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. &
Rem. Code Ann. § 15.002 (Vernon Supp. 2001). The trial court denied Appellants' motion. 
Appellants now bring this appeal from the trial court's ruling on their venue motion. We dismiss
the appeal for want of jurisdiction. 

 Since the trial court's order denying Appellants' venue motion did not dispose of Elliot's
claim against Appellants, it is interlocutory in nature. See Park Place Hosp. v. Estate of Milo, 909
S.W.2d 508, 510 (Tex. 1995)( providing that all parties and all issues before the trial court must be
disposed of before a judgment becomes final and appealable). This Court's appellate jurisdiction
is limited to appeals from final judgments and such interlocutory orders as the legislature has deemed
appealable. City of Houston v. Kilburn, 849 S.W.2d 810, 811 (Tex. 1993); see Tex. Civ. Prac. &
Rem. Code Ann. § 51.014 (Vernon Supp. 2001). A ruling on a motion to transfer venue is not one
of those orders listed in section 51.014 as being subject to interlocutory appeal. (1) Further, as
Appellant points out in its brief, no interlocutory appeal may be taken from a trial court's ruling on
a motion to transfer venue. Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) (Vernon 1986); Tex.
R. Civ. P. 87(6); Bristol-Meyers Squibb Co. v. Barner, 964 S.W.2d 299, 301 (Tex. App.- Corpus
Christi 1998, no pet.); Guardian Sav. and Loan Assoc. v. Williams, 731 S.W.2d 107, 108 (Tex.
App.- Houston [1st Dist.] 1987, no writ). (2)

 Although Appellants have not filed an original proceeding seeking a writ of mandamus from
this Court, they do refer to mandamus relief in the framing of their issue on appeal. While a party
may seek a writ of mandamus to enforce mandatory venue provisions, Tex. Civ. Prac. & Rem.
Code Ann. § 15.0642 (Vernon Supp. 2001), Appellants have not asserted that venue is proper
pursuant to a mandatory venue provision. Rather, Appellants claim that the trial court erred in
applying the general venue rule set forth in section 15.002 of the Civil Practice and Remedies Code.

 For the foregoing reasons, we dismiss the appeal for want of jurisdiction.

Opinion delivered November 28, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.















(DO NOT PUBLISH)


1. Certain additional appealable interlocutory orders are set forth in the Texas Family Code and Texas Probate Code,
but they likewise are not applicable to the instant order. 
2. However, a party may bring an interlocutory appeal challenging a trial court's ruling allowing or opposing
intervention or joinder of a party who is unable to independently establish proper venue. Tex. Civ. Prac. & Rem.
Code Ann. § 15.003 (Vernon Supp. 2001). Such a situation is not present here.