Opinion issued October 27, 2006













     




In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00992–CV




FRANK E. MARLEY, JR., Appellant

V.

CONNIE A. STIRGUS MARLEY, Appellee




On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Cause No. 05–CV–144270




CORRECTED MEMORANDUM OPINION




          Having found a clerical error in the caption, this Court withdraws its opinion
and judgment issued October 5, 2006 and issues this corrected memorandum opinion
and judgment in its stead.


 Frank E. Marley, Jr., appellant, filed for divorce from
Connie A. Stirgus Marley, appellee. The trial court entered temporary orders and
later entered additional temporary orders. Frank failed to comply with the court’s
orders and an enforcement order was entered against him.
          In two points of error, Frank challenges the constitutionality of the temporary
orders, arguing that sections 6.502 and 6.507 of the Family Code, as well as the
temporary orders, violate the due process clause and the equal protection clause of the
Fourteenth Amendment of the United States Constitution.
          Because this Court lacks the jurisdiction to consider this appeal, we dismiss.
Background
          Frank filed for divorce on August 8, 2005. On September 2, 2005, the trial
court entered an agreed order requiring Frank to pay $500 to Connie and giving
Connie exclusive access to their house. On September 16, 2005, the court entered
additional temporary orders, giving Frank and Connie temporary joint managing
conservatorship of their daughter, requiring Frank to pay child support for their
daughter, requiring Frank to provide health insurance for their daughter, and
requiring Frank to pay temporary spousal support. On January 19, 2006, the trial
court determined that Frank was in arrears on his child support and spousal support
payments and entered an enforcement order against Frank. Frank appeals the
temporary orders.
 
Appellate Jurisdiction
          Before we can reach Frank’s substantive arguments, we must first determine
whether we have jurisdiction over this matter. Davis v. Covert, 983 S.W.2d 301, 302
(Tex. App.—Houston [1st Dist.] 1998, pet. dism’d w.o.j.). When an appellate court
concludes it does not have jurisdiction, it can only dismiss the appeal. Bethurum v.
Holland, 771 S.W.2d 719, 722 (Tex. App.—Amarillo 1989, no writ).
           The legislature determines, by statute, whether a particular type of pretrial
ruling may be appealed before a final judgment is rendered. Kilroy v. Kilroy, 137
S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Appellate courts
have jurisdiction to consider immediate appeals of interlocutory orders only if a
statute explicitly provides appellate jurisdiction. Stary v. DeBord, 967 S.W.2d 352,
352–53 (Tex. 1998); Eichelberger v. Hayton, 814 S.W.2d 179, 182 (Tex.
App.—Houston [1st Dist.] 1991, writ denied). A statute authorizing an appeal from
an interlocutory order is in derogation of the general rule that only final judgments
are appealable; therefore, Texas courts strictly construe those statutes authorizing
interlocutory appeals. Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd., 95
S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.).
          The temporary orders entered by the trial court are controlled by sections
105.001 and 6.502 of the Family Code. See Tex. Fam. Code Ann. §§ 6.502
(temporary orders relating to divorce of spouse), 105.001 (temporary orders relating
to suit affecting parent-child relationship) (Vernon Supp. 2005). Frank challenges
portions of the orders controlled by section 6.502. However, section 6.507 of the
Family Code states that “[a]n order under this subchapter, except an order appointing
a receiver, is not subject to interlocutory appeal.” Tex. Fam. Code Ann. § 6.507
(Vernon 1998).
          Frank argues that section 6.507 is inapplicable because section 51.014 of the
Civil Practice and Remedies Code (CPRC) allows for interlocutory appeal of a
temporary injunction. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4) (Vernon
Supp. 2005). He cites Del Valle Indep. Sch. Dist. v. Lopez, 845 S.W.2d 808, 809
(Tex. 1992) and Swanson v. Cmty. State Bank, 12 S.W.3d 163, 166 (Tex.
App.—Houston [1st Dist.] 2000, no pet.) for the proposition that “it is the character
and function of an order that determine its classification.” Lopez, 845 S.W.2d at 809.
          Despite the cited language of section 51.014 of the CPRC, Lopez, and
Swanson, section 6.507 of the Family Code is controlling. Section 311.026 of the
Government Code provides that when two statutes are in conflict with each other, the
specific statute “prevails as an exception to the general” statute. Tex. Gov’t Code
Ann. § 311.026(b) (Vernon 2005); Kilroy, 137 S.W.3d at 786. Because section 6.507
of the Family Code applies specifically to divorce proceedings, it prevails over the
general application of section 51.014 of the CPRC.
          Frank also argues that the trial court’s orders finally disposed of “all issues
between the parties, at this stage of the proceedings,” citing Gonzalez v. Gonalez, 309
S.W.3d 111, 114 (Tex. App.—Fort Worth 1958, no writ). Gonzalez is a probate case
where the decedent’s will appointed Isabel Gonzalez the independent executrix of the
decedent’s estate. Id. at 113. The will did not provide for “distribution or partial
distribution to the devisees during the lifetime of the executrix, and did not provide
for reports or accounting to be made either to the Probate Court or the devisees.” Id.
          The devisees brought an action for accounting, the probate court entered an
order for accounting, and the district court enforced it. Id. at 114. The issue on
appeal was whether the probate court had jurisdiction to enter the order. After ruling
that the probate court lacked jurisdiction, the Fort Worth Court of Appeals held that
it was not necessary for the entire probate estate to be dispersed for the appeal to be
heard, because the order “finally dispose[d] of and [was] conclusive of the issue or
controverted question for which that particular part of the proceeding was brought.” 
Id. 
          The proceeding in this case is a suit for divorce. Section 6.502 of the Family
Code provides the trial court with jurisdiction to enter temporary orders. Tex. Fam.
Code Ann. § 6.502. The temporary orders are interlocutory. Beard v. Beard, 49
S.W.3d 40, 69 (Tex. App.—Waco 2001, pet. denied). Section 6.507 precludes appeal
of those orders. Tex. Fam. Code Ann. § 6.507. To say that an order disposes of all
issues “at this stage of the proceeding” is irrelevant. All orders, whether interlocutory
or final, dispose of some issue at some stage of the proceeding. The court’s
temporary orders did not provide a final judgment, and the language of the Family
Code precludes an interlocutory appeal. We hold that this Court lacks jurisdiction to
consider Frank’s appeal. 
Motion for Sanctions
          Along with her brief, Connie filed a motion for sanctions, requesting that Frank
be ordered to pay the attorney’s fees incurred as a result of the appeal. Under Texas
Rule of Appellate Procedure 45, we may award just damages if we objectively
determine, after considering “the record, briefs, or other papers filed in the court of
appeals,” an appeal is frivolous. Tex. R. App. P. 45. To objectively determine
whether an appeal is frivolous, we look at the record from the viewpoint of the
advocate and decide whether he had reasonable grounds to believe the case could be
reversed. Smith v. Brown, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001,
pet. denied). While there are cases that hold that temporary orders in a divorce cannot
be appealed, we do not find one directly on point with Frank’s argument that the Civil
Practice and Remedies Code allows for interlocutory appeal. Looking at the record
from the viewpoint of a pro se appellant, we cannot say his grounds to believe the
case could be reversed were unreasonable. We deny Connie’s motion.
Conclusion
          We dismiss Frank’s appeal for want of jurisdiction and deny Connie’s motion
for sanctions.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Jennings, Hanks, and Higley.