

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00049-CV

_____

PANAMERICAN OPERATING, INC., Appellant

V.

GEORGE LAND & CATTLE CO., LLC, Appellee

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2013-9543-CCL

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Harrison County surface owner George Land & Cattle Co., LLC (George), sought an injunction to stop Panamerican Operating, Inc. (Panamerican), from pumping groundwater from under George's land until the water being pumped could be metered.[1]  Although the trial court left in the order a finding that George would be irreparably harmed unless Panamerican was enjoined from pumping unmetered groundwater, the court struck from the document styled "Temporary Injunction" any language prohibiting Panamerican from conducting any pumping operations, gave George three days to install a meter, and directed George not to interfere with Panamerican's pumping operation.[2]  Panamerican appeals.  We dismiss the appeal for want of jurisdiction, because the trial court's order is not an injunction against Panamerican.

An injunction is legal process "requiring the person to whom it is directed to do or refrain from doing a particular thing."  *Lucas v. Lucas*, 365 S.W.2d 372, 378 (Tex. App.—Beaumont,

---

[1]The underlying litigation involves George's claim of damage from Panamerican's use of groundwater in its drilling activities.

[2]The trial court's order states in pertinent part,

> Based on the pleadings, records, documents filed by counsel, and the arguments of counsel at the hearing, IT CLEARLY APPEARS:

> 1. That unless Panamerican . . . is enjoined[2] from pumping groundwater until a meter can be installed that Plaintiff will be irreparably harmed.

> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that ~~Panamerican Operating, Inc., Defendants herein, and all of Defendant's officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys are ORDERED  to immediately cease all pumping operations until Plaintiff has installed a meter on Defendant's water well.~~ Plaintiff has <u>3</u> days from the date of this order to complete the installation[] *and shall not interrupt any of the Defendant's pumping operations*.

1962, no writ) (op. on reh'g); *see Swanson v. Community State Bank*, 12 S.W.3d 163, 165 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

At the injunction hearing, statements from the parties suggested Panamerican had not started pumping or drilling activities, but was "about to come on line" or was very close to beginning operations. Both sides seemed to contemplate minimal interference with Panamerican's operations, and there was no threat that Panamerican would attempt to prevent installation of the meter.

The trial court's order is not an injunction against Panamerican. It neither commands nor restrains action on Panamerican's part. The order simply gives George the right to place a water meter on the land and specifically enjoins George from interfering with Panamerican's pumping operations. In support of its motion to dismiss, George cites *Swanson v. Community State Bank*. In that case, the Bank sued to foreclose its security interest in stock Swanson and his partners had pledged to secure a loan. The trial court authorized the stocks to be sold and the proceeds applied to Swanson's debt. *Swanson*, 12 S.W.3d at 164–65. The reviewing court found this trial court order was not an injunction, because "the substance of the order is permissive in character, not mandatory." *Id*. at 166. We find *Swanson* instructive.

The instant order gives George permission to do something. In *Swanson*, the Bank nominally sought injunctive relief, but really asked for, and got, permission for the Bank to do something. Neither Swanson nor Panamerican was compelled to perform, or prohibited from performing, any act.

3

This Court has jurisdiction over interlocutory orders granting or refusing a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2014). Other than specific statutory exceptions such as provided in Section 51.014, this Court may address only appeals of final orders. *See Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Good v. Baker*, 339 S.W.3d 260, 265 (Tex. App.—Texarkana 2011, pet. denied). As the trial court order in this case is not a temporary injunction, this Court lacks jurisdiction over Panamerican's appeal.

Accordingly, we dismiss the appeal.


Josh R. Morriss, III
Chief Justice

Date Submitted:     August 22, 2014
Date Decided:       August 25, 2014