**MIMS et al. v. CITY OF FORT WORTH et al.**

No. 12836.

Court of Civil Appeals of Texas. Fort Worth.

July 23, 1932.

John O. Ragan and Mike E. Smith, both of Fort Worth, for appellants.

R. E. Rouer, Geo. C. Kemble, J. M. Floyd, and R. B. Young, Jr., all of Fort Worth, for appellees.

PER CURIAM.

A. F. Mims and others have prosecuted an appeal to this court from an order denying them a temporary writ of injunction to restrain the city of Fort Worth and its executive officers from enforcing a city ordinance, No. 1736, requiring the payment of a license fee for the privilege of selling farm products within the corporate limits of the city. The temporary writ of injunction sought was ancillary to a suit to permanently enjoin the enforcement of that ordinance, principally on the ground that it was in violation of the provisions of the state and Federal Constitutions.

The case has never been tried on the merits, and therefore this court has never acquired jurisdiction thereof; the only jurisdiction acquired being of the appeal from the order denying the temporary writ of injunction.

Appellants now seek the issuance of a temporary writ of injunction to restrain the city and its officers from enforcing the ordinance above referred to, pending a final hearing of the appeal now before us. To grant that writ would necessarily be the exercise of original jurisdiction to grant a temporary writ of injunction ancillary to the main case before the trial of the same on its merits. The district court in which the main case is pending alone is vested with original jurisdiction to issue that temporary writ. The relief prayed for here is not for the purpose of protecting the jurisdiction of this court pending a hearing of the merits of the appeal from the order denying the temporary writ, and therefore the statute which gives this court the right to issue injunctions or any other writ necessary to enforce the jurisdiction of this court has no application.

Accordingly appellants' application for the issuance of the writ above indicated is overruled.