**CAVE v. MONTGOMERY, County Judge et al.**

**No. 6324.**

Court of Civil Appeals of Texas. Amarillo. June 22, 1953.

Rehearing Denied July 20, 1953.

Smith, Eplen, Bickley & Pope, Abilene, for appellant.

R. C. Hamilton, Clairemont, for appellees.

MARTIN, Justice.

Appellant, Mark Cave, County Commissioner of Kent County, filed suit against John H. Montgomery, County Judge, W. R. Rogers, Jim Wyatt and A. C. Cargile as members of the Commissioners' Court of Kent County, Texas, Spur Security Bank and Olive Engledow, County Treasurer of Kent County, seeking final judgment of the District Court of Kent County permanently enjoining the defendants, and each and all of them, from carrying into effect any and all orders, agreements and contracts with reference to the selection of the Spur Security Bank as county depository for Kent County.

Appellant sought a temporary injunction in the cause pending a trial of the case on its merits and upon the trial court denying such injunction perfected his appeal and assigns nine points of error. Appellant's points of error will not be detailed herein but it is sufficient as to the merits of this appeal to observe that the nine points of error raise all the issues in detail with reference to the statutory procedure required to be followed by the Commissioners' Court in the choice of a depository bank for county funds. Further, such points not only require an interpretation of all the statutes governing the selection of the county depository but also require a final determination of the legality of the acts of the Commissioners' Court under said statutes. But, the issue on this appeal was adequately presented by appellant's admission in oral argument that a ruling as sought on his nine points of error would effect all the relief which appellant could recover on a final hearing of the cause on its merits. Also pertinent to this issue is the language contained in the prayer in appellants' brief filed herein whereby he requests the following action of this court: "* * * directing that Court to proceed with the trial of the case on its merits under the instructions contained in this Court's opinion, to the effect that the proceedings heretofore had by the Commissioners' Court of Kent County in the attempted selection of a county depository are void, * * *." The issue on this appeal as thus summarized by appellant requires only an application of the appropriate law to properly dispose of the same.

■ In addition to the conclusive issue governing this appeal as revealed by the above paragraph, it further appears from the record that, regardless of the order of the trial court refusing a temporary injunction, the status quo will be maintained in this cause of action pending final hearing of the case on its merits. The statement of facts reveals that the county funds of Kent County were still on deposit in the

former county depository at Aspermont at the time of perfection of this appeal. It is also noted that the bank's security guaranteeing such deposit is in amount $18,000,-000. If the funds still remain in the bank at Aspermont the status quo is retained in the cause of action as far as appellant is concerned. On the other hand, if the comptroller approves the depository contract and the funds of Kent County are moved to the Spur Security Bank the status quo is still not disturbed in that all parties to the cause of action admit that the Spur Security Bank has deposited ample security to protect the funds on deposit. Therefore, the funds of Kent County are either in the depository where originally held or adequately secured in the Spur Security Bank pending a final disposition of the cause. No citation of authority should be required as to the well-recognized principle that "the legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits". Perry v. Stringfellow, 134 Tex. 328, 134 S.W.2d 1031, 1032, Syl. 2.

 It is apparent from the record that the status quo will be maintained in this cause of action pending a final hearing of the case without the issuance of a temporary injunction. Further, since appellant's points of error, his admission in oral argument on appeal, his brief and the entire record reveal that the ruling sought in the trial court and on appeal as to a temporary injunction would grant to appellant all the relief to which he would be entitled on a final hearing of the cause, it is apparent that this cause of action is governed by the ruling of the Supreme Court of Texas in Texas Foundries, Inc., v. International Moulders & Foundry Workers' Union, 248 S.W.2d 460, 464, Syl. 10-11. The language of the Supreme Court is so pertinent to the issues presented here, on this appeal, that the same is quoted and adopted as a ruling on appellant's points of error: "Counsel have ably briefed important questions of * * * law, but we cannot decide them finally in this proceeding. If questions of that character are to be decided by the appellate courts, the parties should first try their cases on the merits and appeal from the order of the trial court granting or refusing a permanent injunction. * * * It is error for a trial court to grant a temporary injunction, the effect of which would be to accomplish the object of the suit. To do so would be to determine rights without a trial." Perry v. Stringfellow, supra; James v. E. Weinstein & Sons, Tex.Com. App., 12 S.W.2d 959; Mims v. City of Fort Worth, Tex.Civ.App., 52 S.W.2d 931; Haden Employees' Ass'n v. Lovett, Tex. Civ.App., 122 S.W.2d 230, writ refused.

Appellant's nine points of error are overruled and the judgment of the trial court denying a temporary injunction is affirmed.