**STRUCTURED CAPITAL RESOURCES CORPORATION, Appellant**

v.

**ARCTIC COLD STORAGE, LLC and Mickey Cox, Appellees.**

**In re Structured Capital Resources Corporation, Relator.**

No. 12–06–00355–CV.

Court of Appeals of Texas, Tyler.

Oct. 24, 2007.

Jack F. Walker, Marisa Schouten, for Relator.

Ralph E. Allen, Stephen Evans, Deborah J. Race, Paul M. Boyd, for Real Party In Interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Structured Capital Resources Corporation (SCR) seeks relief from the trial court's order denying arbitration of its contract dispute with Arctic Cold Storage, LLC and Mickey Cox (collectively ACS). SCR has sought relief by petition for writ of mandamus based on the Federal Arbitration Act (FAA) and by interlocutory appeal based on the Texas Arbitration Act. We consolidate the two proceedings. Because the FAA is applicable and SCR did not waive its right to arbitration, we conditionally grant mandamus relief. We dismiss the interlocutory appeal for want of jurisdiction.

### BACKGROUND

On September 8, 2005, the parties entered into an agreement by which SCR, Global Positioning Standards LLC (GPS), and Parkway Financial were to arrange financing for ACS for a six percent placement fee. The contract provides for arbitration of disputes arising out of the agreement. On March 30, 2006, ACS closed on a loan for approximately $5,500,000.00, which SCR arranged pursuant to that agreement. At the insistence of the lender at closing, ACS deposited $330,000.00 for SCR's fee in escrow with the title company. However, ACS refused to pay SCR the full six percent required by the agreement, offering instead a $50,000.00 settlement. SCR filed its original petition and application for temporary restraining order on April 11, 2006, alleging breach of contract and requesting the court prevent ACS from removing the funds from escrow. The trial court granted SCR's request for emergency relief. Nonetheless, ACS transferred approximately $240,000.00 of the money out of escrow. SCR then asked the trial court for a temporary injunction ordering ACS to tender the money into the registry of the court. The trial court granted that request on May 8, 2006.

ACS filed a counterclaim against SCR and a third party petition against Everette Hull, president of SCR. Trial was set for September 5, 2006. However, on August 2, GPS filed a plea in intervention claiming that ACS breached the loan brokerage agreement with GPS. ACS counterclaimed against GPS. At the request of GPS, the trial date was postponed to October 2, 2006. On August 24, 2006, the parties attended mediation. Mediation was not successful. On September 5, SCR moved to abate the proceedings, requesting the trial court order arbitration. The trial court denied the motion to abate on September 22, 2006. SCR filed both a petition for writ of mandamus and an interlocutory appeal in this court complaining of the trial court's action.

### JURISDICTION

■ By statute, the denial of a motion to compel arbitration under the Texas Arbitration Act is appealable. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098 (Vernon 2005); *In re Valero Energy Corp.*, 968 S.W.2d 916, 916 (Tex.1998) (orig.proceeding). However, mandamus is appropriate when a state court erroneously denies a motion to compel arbitration under the federal scheme. *In re Valero Energy Corp.*, 968 S.W.2d at 916. At oral argument, the parties agreed that the Federal Arbitration Act controls in this case. Therefore, we dismiss SCR's interlocutory appeal, our number 12–06–00355–CV, for want of jurisdiction and consider only the petition for writ of mandamus.

### STANDARD OF REVIEW

■ Mandamus is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal, as when a party is erroneously denied its contracted

for arbitration rights under the FAA. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex.2006) (orig.proceeding). A clear abuse of discretion occurs when the trial court errs in analyzing or applying the law to the facts or when the trial court has but one reasonable decision and does not make that decision. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding).

## DENIAL OF MOTION TO ABATE
### FOR ARBITRATION

In its sole issue, SCR contends the trial court abused its discretion in denying its motion to abate for arbitration because SCR did not waive the right to arbitrate. It asserts that it sought emergency relief to preserve the status quo until it could arbitrate the dispute, but did not request the court to resolve the case on the merits, and it engaged in minimal litigation only. SCR argues that it did not substantially invoke the judicial process and ACS did not prove it was prejudiced by SCR's acts.

### Applicable Law

The party resisting arbitration has the burden to present evidence on its defense to the arbitration agreement, including the defense of waiver. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex.1999) (orig.proceeding). Whether a party's conduct waives its arbitration rights is a question of law and depends on the individual facts and circumstances of each case. *Id.* at 574; *Southwind Group, Inc. v. Landwehr*, 188 S.W.3d 730, 735 (Tex.App.-Eastland 2006, orig. proceeding). Waiver may be implied or express, but it must be intentional. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996) (orig.proceeding). Because public policy favors resolving disputes through arbitration, there is a strong presumption against the waiver of contractual arbitration rights. *In re Oakwood*, 987 S.W.2d at 574. Accordingly, we resolve any doubts

about waiver in favor of arbitration. *Id.* Waiver may be found when it is shown that a party acted inconsistently with its right to arbitrate and such actions prejudiced the other party. *Id.* A party waives an arbitration clause when it substantially invokes the judicial process to the other party's detriment. *In re Bank One, N.A.* 216 S.W.3d 825, 827 (Tex.2007) (orig.proceeding). Substantially invoking the judicial process may occur when the party seeking arbitration has filed motions going to the merits to obtain a final resolution of the dispute. *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 764 (Tex.2006) (orig.proceeding); *Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 135 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

### Substantially Invoking the Legal Process

ACS asserts that SCR substantially invoked the legal process by pursuing the court order that kept $330,000.00 out of ACS's reach. We disagree. SCR's request that the funds be placed in the court's registry was presented as a request for an injunction. ACS points out that this is not the proper procedure. An order requiring the deposit of funds into the registry of a court cannot be characterized as an appealable temporary injunction, even if entered in response to a motion for injunctive relief. *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 212 (Tex.App.-El Paso 2001, no pet.). However, it is entirely permissible for a trial court to order disputed funds paid into the registry of the court until its ownership is determined if there is evidence that the funds are in danger of being lost or depleted. *Castilleja v. Camero*, 414 S.W.2d 431, 433 (Tex.1967) (orig.proceeding). Central to the question before us is the fact that merely placing the funds into the court's registry does not settle the ques-

tion of who the funds belong to, and therefore such an order cannot be considered an order on the merits.

 The same result ensues if the court's order placing the money into the court's registry were actually an injunction. The purpose of a temporary injunction is to preserve the existing condition until a final hearing can be had on the merits. *Cave v. Montgomery,* 259 S.W.2d 924, 926 (Tex.Civ.App.-Amarillo 1953, writ ref'd n.r.e.). A proper request for temporary injunctive relief is not a request for a final disposition. *See id.* Further, the FAA does not preclude a court from issuing injunctive relief, including a preliminary injunction, to preserve the status quo during the process of arbitration, where the contract at issue reflects a consensus of the parties that such relief was contemplated. *RGI, Inc. v. Tucker & Assocs., Inc.,* 858 F.2d 227, 230 (5th Cir.1988). Moreover, while disallowed in at least two circuits, the issuance of preliminary injunctions as a means of preserving the status quo pending arbitration is permitted in several federal circuits, even in the absence of a prior agreement by the parties to use injunctive relief. *See Speedee Oil Change Sys., Inc. v. State Street Capital, Inc.,* 727 F.Supp. 289, 291 (E.D.La.1989). Ultimately, a preliminary injunction can be used to prevent injury and, in the process, protect the integrity of the applicable dispute resolution process. *See Ortho Pharm. Corp. v. Amgen, Inc.,* 882 F.2d 806, 814 (3rd Cir.1989).

From SCR's perspective, a temporary injunction, or court order, to maintain the status quo, that is, keep the money from disappearing, was desirable whether it was going to trial or arbitration. Requesting either a temporary injunction or an order requiring the deposit of disputed funds into the court's registry is not inconsistent with the right to arbitrate. We cannot use SCR's request for injunctive relief to infer that it intentionally relinquished its right to arbitration. *See In re D. Wilson Constr. Co.,* 196 S.W.3d at 783 (party that filed a suit to obtain injunctive relief to preserve evidence in a personal injury case pending in a separate court, where it also filed cross actions, did not waive its right to arbitrate).

### Prejudice to ACS

 SCR propounded three discovery documents including requests for disclosure, interrogatories, and production, and a fourth document merely requesting identification of items previously requested but not produced. In furtherance of its own claims, ACS presented nine discovery requests to SCR, Hull, and GPS. The record does not contain most of ACS's requests or any responses from any party. The parties began, but did not finish, the deposition of Everette Hull.

 Taking unfair advantage of discovery proceedings that would not have been available in arbitration might constitute sufficient prejudice to infer waiver. *Tenneco Resins, Inc. v. Davy Int'l, AG,* 770 F.2d 416, 421 (5th Cir.1985). However, when only a minimal amount of discovery has been conducted, which may also be useful for the purpose of arbitration, the court should not ordinarily infer waiver based on prejudice to the party opposing the motion to stay litigation. *Id; see also In re D. Wilson Constr. Co.,* 196 S.W.3d at 783; *In re Vesta,* 192 S.W.3d at 763; *In re Bruce Terminix Co.,* 988 S.W.2d at 704–05.

 The parties' agreement states that arbitration is to be conducted in accordance with the rules and procedures of the American Arbitration Association. Those rules permit the arbitrator to allow discovery. *See In re Bruce Terminix Co.,* 988 S.W.2d at 704–05. There is nothing to indicate that the discovery propounded by SCR, if responded to at all, would not be useful in arbitration. *See In re Vesta,* 192

S.W.3d at 763. There is no indication that SCR obtained sensitive documents or information through the discovery process that it would not have been able to obtain in the arbitration proceeding. *Williams Indus., Inc.*, 110 S.W.3d at 140.

 Counsel for ACS stated on the record that, as of the date of the hearing on the motion for arbitration, ACS had incurred "in the neighborhood of $35,000.00 in attorney's fees in this lawsuit." No evidence of fees or costs was presented. Nothing shows how much of the attorney's fees was attributable to SCR's complained of actions. *See Williams Indus., Inc.*, 110 S.W.3d at 140. Much of the costs incurred by ACS necessarily resulted from its prosecution of its own claims against SCR, Hull, and GPS. *See In re Vesta*, 192 S.W.3d at 763. Further, there is no evidence that the time and funds expended would not have been expended or inured to ACS's benefit in arbitration. *See Transwestern Pipeline Co. v. Horizon Oil & Gas Co.*, 809 S.W.2d 589, 593 (Tex.App.-Dallas 1991, writ dism'd w.o.j.). Generalized complaints about delay and expense, absent explanations and evidentiary support, will not establish prejudice. *See Williams Indus., Inc.*, 110 S.W.3d at 139.

To support its argument that SCR waived arbitration, ACS relies on the case of *Marble Slab Creamery, Inc. v. Wesic, Inc.*, 823 S.W.2d 436 (Tex.App.-Houston [14th Dist.] 1992, no writ). Marble Slab was both the plaintiff and the proponent of arbitration. Over the course of approximately eight months, Marble Slab obtained a temporary injunction, the defendant filed counterclaims and a third party suit, and the defendant was ordered to submit to mediation, participated in depositions, and responded to requests for admissions, requests for production, and interrogatories. Marble Slab requested arbitration a little over a month before the trial date. The court described Marble Slab's actions as the "active pursuit of its legal remedies" and held those actions sufficient to constitute waiver of its right to compel arbitration. *Id.* at 438.

At first blush, it would appear that *Marble Slab* supports ACS's position. However, we decline to follow *Marble Slab*. There, the time period between filing suit and requesting arbitration was twice as long as in the instant case. Moreover, the court listed generally the types of discovery the parties had participated in but did not specifically state the extent of discovery. Due to the lack of specificity in the opinion, we cannot determine that the facts in *Marble Slab* are sufficiently analogous to the facts here to justify reliance on that case. ACS did not meet its burden to prove that SCR substantially invoked the judicial process to ACS's prejudice thereby waiving its right to arbitrate. Therefore, ACS has not overcome the strong presumption against waiver of SCR's contractual arbitration rights. *See In re Oakwood*, 987 S.W.2d at 574.

## CONCLUSION

We conclude that SCR's conduct, as a matter of law, did not result in the waiver of its arbitration rights. Accordingly, the trial court abused its discretion by denying SCR's motion to compel arbitration. Therefore, we ***conditionally grant*** mandamus relief on SCR's motion to abate and compel arbitration. We trust that the trial court will promptly vacate its order of September 22, 2006 denying SCR's motion to abate and compel arbitration and issue an order granting the motion to abate and compel arbitration. The writ will issue only if the trial court fails to comply with this court's opinion and order within ten days. The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing such compliance.

We *dismiss* SCR's interlocutory appeal *for want of jurisdiction.*