**Reversed and Remanded and Opinion filed October 15, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00082-CV

---

## IN THE ESTATE OF ROBERT EARL SKINNER

---

**On Appeal from the County Court at Law No. 3 and Probate Court**
**Brazoria County, Texas**
**Trial Court Cause No. PR033639**

---

## O P I N I O N

Appellant Lillie Doris Skinner appeals from the trial court's order granting in part and denying in part an application for injunctive relief and request for a constructive trust, which ordered Lillie to deposit two checks into the registry of the court. Lillie contends the trial court erred in granting a temporary injunction. Because appellee Robin Sidney contends on appeal that the trial court did not issue a temporary injunction but rather "enforced a constructive trust," this court asked the parties to file letter briefs addressing our jurisdiction over this appeal.

We hold that we have jurisdiction over this interlocutory appeal from a temporary injunction and that the trial court's order is void. Thus, we reverse the trial court's order and remand for further proceedings.

## BACKGROUND

Sidney filed an application for administration and heirship, alleging that the decedent Robert Earl Skinner died intestate. Later, Sidney filed an "application for injunctive relief and request for constructive trust," alleging that Lillie was the ex-wife of Robert and that Lillie had received life insurance proceeds as a beneficiary in violation of Section 9.301 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 9.301(a) (stating that a provision in a life insurance policy designating a former spouse as a beneficiary generally is not effective, and listing exceptions). Sidney attached a decree of divorce indicating that Robert and Lillie had divorced before Robert's death. Sidney requested the following relief:

1. A Temporary Restraining Order be issued without notice to Defendant restraining Defendant, her agents, servants, and employees from directly or indirectly withdrawing, writing checks on, debiting, transferring, spending, assigning, loaning, pledging, hiding, or in any way depriving the Skinner Estate of the accounts of Robert Earl Skinner at Texas Dow Employees Credit Union, Dow life benefits or MetLife benefits.

2. LILLIE DORIS SKINNER be ordered to deposit all funds from any source from the accounts of the decedent ROBERT EARL SKINNER with JOYCE HUDMAN, payable to the Registry of the Court.

3. Defendant be cited to appear and that the temporary injunction hearing be set and after hearing the Application for Temporary Injunction be issued enjoining Defendant, her agents, servants and

2

employees from directly or indirectly violating the Court's injunction.[1]

The trial court held a hearing on Sidney's application, noting that it had previously signed a temporary restraining order in Sidney's favor.[2] Lillie testified at the hearing that she possessed at her residence in Lake Jackson two checks: one from MetLife for $422,000 and one from Dow for $16,000. Lillie testified that the MetLife check was from a life insurance policy.[3] Lillie also testified that after Robert's death, she withdrew $10,000 from a Dow Employees Credit Union account that was in Robert's name, and she was a beneficiary on that account.

At the hearing, counsel for Sidney confirmed, "[T]his is a temporary injunction. . . . But I still think, as we are here only on a temporary injunction hearing, we have to have some sort of final evidentiary hearing." Counsel confirmed again, "[T]his is an injunction hearing. . . . Judge, an injunction—if a party is doing that which they have no legal right to do, that is grounds for an injunction. . . . [A]n injunction is appropriate to secure this property, under the injunction or under a constructive trust."

The court ruled from the bench that it was granting in part and denying in part the "application for injunctive relief and request for constructive trust." The court ordered Lillie to deposit the two checks into the registry of the court. When counsel for Sidney asked the court for an injunction prohibiting Lillie from accessing the Dow Employees Credit Union account, the court explained, "No, sir,

---

[1] Sidney also requested "costs of suit" and "such other further relief to which she may show herself to be justly entitled."

[2] The temporary restraining order does not appear in the record.

[3] She did not testify that the Dow check was from a life insurance policy.

that was the part denied."[4]

The court signed a written "order granting in part and denying in part the application for injunctive relief and request for constructive trust." The court ruled as follows:

> IT IS THEREFORE ORDERED that said Application is granted in part and denied in part.
>
> IT IS ORDERED that Lillie Doris Skinner shall deposit with the Court the MetLife check for $420,380.77 and the DOW check for $16,677.88 into the Registry of the Court to be placed into an interest bearing account by February 1, 2013, 5:00 pm.
>
> All other relief not expressly granted is DENIED.

Lillie filed a notice of interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (allowing for the appeal from an interlocutory order granting or refusing a temporary injunction).

## JURISDICTION

Lillie contends the trial court abused its discretion by granting a temporary injunction, and Sidney contends the trial court "did not issue a temporary injunction" but rather "effectively enforced a constructive trust." We asked the parties to address the issue of whether this court has jurisdiction. We hold that under the circumstances of this case, the trial court granted a temporary injunction, and thus, we have jurisdiction over this appeal.

"[I]t is the character and function of an order that determine its classification" as one granting a temporary injunction. *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). "To reject the order's status as a

---

[4] Section 9.301 of the Family Code addresses only life insurance benefits, not bank or credit union accounts.

temporary injunction based on a deficiency in form is to deny review of any defects that may render the order void." *Id.* at 809–10. Thus, although an order may lack features of a typical temporary injunction, those deficiencies do not control the classification. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (2000) (holding that the trial court's order granted a temporary injunction even though it was for a fixed duration of three years; the order did not set a bond or trial date; and the trial court did not order the issuance of a writ of injunction); *see also Markel v. World Flight, Inc.*, 938 S.W.2d 74, 78 (Tex. App.—San Antonio 1996, no writ) (appellate jurisdiction is not defeated "merely by the label [the trial court] attaches to the interlocutory order").

"An injunction is a remedial writ that depends on the issuing court's equity jurisdiction." *Qwest*, 24 S.W.3d at 336. "The purpose of a temporary injunction is to preserve the status quo pending a trial on the merits." *RP&R, Inc. v. Territo*, 32 S.W.3d 396, 400 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "One function of injunctive relief is to restrain motion and to enforce inaction." *Qwest*, 24 S.W.3d at 336. An injunction that fulfills this function is called a prohibitive injunction. *RP&R*, 32 S.W.3d at 400. A mandatory injunction, in contrast, orders a party to engage in particular conduct. *See id.* at 400–01 (holding that a temporary injunction was mandatory because it required a party to pay weekly paychecks to the other party); *see also Del Valle*, 845 S.W.2d at 809 (holding that the trial court's order adopting and implementing an election plan provided mandatory injunctive relief and was a temporary injunction); *cf. Swanson v. Cmty. State Bank*, 12 S.W.3d 163, 165–66 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding that the trial court's order was not an injunction because although it ordered one party to liquidate stock, the movant had "requested the trial court's permission to liquidate" the stock, and the movant "did not ask for relief directing

5

the defendants to do or refrain from doing anything").

Like an injunction, a constructive trust is an equitable remedy; it is used to prevent unjust enrichment. *See, e.g.*, *Swinehart v. Stubbeman, McRae, Sealy, Laughlin & Browder, Inc.*, 48 S.W.3d 865, 878 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). A constructive trust is imposed when "the person holding the title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property." *Newman v. Link*, 866 S.W.2d 721, 725 (Tex. App.—Houston [14th Dist.] 1993) (quotation omitted), *writ denied*, 889 S.W.2d 288 (Tex. 1994). As such, imposition of a constructive trust "may be based on a fiduciary or confidential relationship or when there has been actual fraud." *Swinehart*, 48 S.W.3d at 878; *see also Sherer v. Sherer*, 393 S.W.3d 480, 491 (Tex. App.—Texarkana 2013, pet. denied) ("An underlying cause of action such as a breach of fiduciary duty, conversion, or unjust enrichment is required. The constructive trust is merely a remedy used to grant relief on the underlying cause of action."). The American Law Institute notes in the Restatement of Restitution that a constructive trust has two remedial components: "The first of these is a declaration that B's legal title to X is subject to A's superior equitable claim. The second is a mandatory injunction directing B to surrender X to A or to take equivalent steps." Restatement (Third) of Restitution and Unjust Enrichment § 55 cmt. b (2011).

Sidney cites in her appellate brief four cases that discuss constructive trusts, but none is instructive for determining whether the trial court's order in this case should be considered a temporary injunction; in fact, in all of those cases a constructive trust was deemed inappropriate.[5] Given that a constructive trust is an

---

[5] *See Talley v. Howsley*, 142 Tex. 81, 176 S.W.2d 158 (1943) (holding that the trial court correctly rendered a take-nothing judgment and declined to impose a constructive trust because

equitable remedy that incorporates a mandatory injunction, classifying the trial court's order as one creating a constructive trust would not make the order any less of an injunction.

Further, Sidney expressly sought an injunction in her application and at the evidentiary hearing, and the trial court's order granted in part and denied in part Sidney's application for injunctive relief. The trial court ordered Lillie to do something she contested—give up possession of several negotiable instruments, which she claims are rightfully hers. Sidney's counsel confirmed at the hearing that the "purpose of an injunction" was to "trap or sequester" the property "pending resolution of these legal arguments"—to preserve the status quo pending a trial on the merits. Thus, the character and function of the trial court's order was to provide Sidney with temporary, mandatory injunctive relief. *See In re Radiant Darkstar Prods., LLC*, No. 05-13-00586-CV, 2013 WL 3718065, at *2 (Tex. App.—Dallas July 12, 2013, orig. proceeding) (concluding the relator was entitled to mandamus relief from an order directing funds to be deposited into the court's registry; although there was no motion for temporary injunction, "requiring relator to deposit money into the court's registry is a form of mandatory injunction"); *Pilot Eng'g Co. v. Robinson*, 470 S.W.2d 311, 312 (Tex. Civ. App.—Waco 1971, no writ) (holding that the order directing defendants to deposit cashier's checks into the registry of the court was "a temporary mandatory injunction and appealable").

there was no evidence of fraud by the defendant); *Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723 (Tex. App.—San Antonio 2007, pet. denied) (holding that the trial court abused its discretion in imposing a constructive trust after a jury trial and final judgment because none of the defendants had legal title to any of the property); *Troxel v. Bishop*, 201 S.W.3d 290 (Tex. App.—Dallas 2006, no pet.) (holding that the trial court did not err by granting summary judgment on the plaintiff's request for a constructive trust); *Hubbard v. Shankle*, 138 S.W.3d 474 (Tex. App.—Fort Worth 2004, pet. denied) (holding that the trial court correctly granted a no-evidence summary judgment for the defendant based on the plaintiff's request for a constructive trust because there was no breach of fiduciary duty or fraud).

We recognize that some courts have stated categorically that a trial court's order directing a party to deposit funds into the registry of the court is not an injunction subject to an interlocutory appeal. *See Structured Capital Res. Corp. v. Arctic Cold Storage, LLC*, 237 S.W.3d 890, 894 (Tex. App.—Tyler 2007, no pet.) (in dicta, citing *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 212 (Tex. App.—El Paso 2001, no pet.)). These courts derive their reasoning from *Alpha Petroleum Co. v. Dunn*, which explained that the order requiring the deposit of cash money into the court's registry was not an injunction primarily because the order "in no respect complie[d] with the provisions of the statute in granting and issuing a temporary injunction." 60 S.W.2d 469, 471 (Tex. Civ. App.—Galveston 1933, writ dism'd). The Texas Supreme Court, however, decried such reasoning in *Del Valle* and *Qwest*, discussed above. Moreover, the *Alpha Petroleum* reasoning would result in the denial of review of any defects that may render a temporary injunction order void. *See Qwest*, 24 S.W.3d at 336; *Del Valle*, 845 S.W.2d at 809–10.

We note further that this court has reviewed similar trial court orders by direct interlocutory appeal and by writ of mandamus. *Compare Greathouse Ins. Agency, Inc. v. Tropical Invs., Inc.*, 718 S.W.2d 821, 822 (Tex. App.—Houston [14th Dist.] 1986, no writ) (reversing, on interlocutory appeal, the trial court's temporary injunction ordering the defendant to deposit life insurance proceeds into the court's registry), *with N. Cypress Med. Ctr. Operating Co. v. St. Laurent*, 296 S.W.3d 171, 178–79 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (writ of mandamus would issue to vacate the trial court's order directing the defendant to deposit partnership distributions into the court's registry). In one unpublished case, this court held that it lacked appellate jurisdiction over an order requiring the deposit of funds into the court's registry. *See Lovall v. Yen*, No. 14-01-01108-CV,

2002 WL 58925, at *1 (Tex. App.—Houston [14th Dist.] Jan. 17, 2002, no pet.) (mem. op., not designated for publication). *Lovall* is not merely without precedential value; it is also distinguishable. *See* Tex. R. App. P. 47.7(b). The trial court's order in *Lovall* granted the defendant's motion for continuance and then noted that the defendant "agreed to pay" a sum into the court's registry. *Lovall*, 2002 WL 58925, at *1. Here, however, the trial court entered the order after an opposing party's request for an injunction; after a hearing on the request for an injunction; and stating that the court was granting the injunction in part and ordering the opposing party to deposit negotiable instruments into the court's registry. *Cf. Swanson*, 12 S.W.3d at 165. These authorities reveal that this court has not adopted a categorical approach, and we do not do so today.

Under the circumstances of this case, the trial court's order was an appealable order granting a temporary injunction.

### TEMPORARY INJUNCTION

Among other things, Lillie contends the trial court's order is void because it does not set the case for trial on the merits or set a bond. We agree. The injunction is void and dissolved. *See, e.g.*, *Qwest*, 24 S.W.3d at 337 (failures to set the case for trial and fix an amount of security, in violation of Rules 683 and 684 of the Texas Rules of Civil Procedure, could "render the trial court's order void but they do not change the order's character and function defining its classification" as a temporary injunction).

We reverse the trial court's order and remand for further proceedings.

/s/    Sharon McCally
Justice

Panel consists of Justices Christopher, McCally, and Busby.

9