# NO. 12-16-00223-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: G-M WATER SUPPLY* | § | |
| *CORPORATION,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator G-M Water Supply Corporation filed a petition for writ of mandamus in which it challenges the trial court's order that it deposit $87,663.11 into the court's registry. The respondent is the Honorable Craig Mixon, Judge of the 1st Judicial District Court, Sabine County, Texas. The City of Hemphill, Texas, is the real party in interest. We conditionally grant the petition.

## BACKGROUND

G-M is a nonprofit water supply company. Pursuant to a longstanding relationship, G-M purchases water from the City. In their most recent agreement, executed in 2011, G-M must purchase a minimum amount of water based on an annually adjusted rate determined by the City. Essentially, the City assesses the rate based on a projection of its annual costs to produce water divided by the quantity of treated water estimated to be produced that year, expressed in a dollar amount per 1,000 gallons.[1]

G-M recently completed construction of its own water treatment facility and began taking less water from the City under the contract. This action led to a much higher adjusted rate for 2015-16 because, according to the City, its costs are fixed, and since G-M takes less water, the

---

[1] Other than charging for administrative costs, the City does not include profit in its calculation. Since the rate is based on projections and estimates, the contract requires an independent audit at the end of each year, and any overpayment or underpayments by G-M during that year are accounted for in the following year's rate calculation.

City's cost per gallon of water produced dramatically increased. In 2014-15, the City charged G-M $2.8333 per 1,000 gallons of water, but raised the rate in 2015-16 to $5.2137 per 1,000 gallons of water. G-M disputed the City's cost assumptions in computing the rate, calculated its own rate of $3.6492 per 1,000 gallons of water, and paid the City based on that rate for each monthly invoice. After negotiations proved unsuccessful, the City filed suit against G-M, alleging that it breached their contract by failing to pay the invoices at the contract rate set by the City.

The City filed an application for temporary injunction requesting that G-M pay the accrued arrearages into the trial court's registry, along with the full amount of future monthly invoices calculated at the $5.2137 per 1,000 gallon rate pending a resolution on the merits. After a hearing, the trial court granted the temporary injunction, concluding that the City will probably prevail on the merits because G-M has breached and intends to continue to breach the terms of the contract by failing to make the full payments invoiced by the City. Consequently, the trial court ordered that G-M deposit $87,663.11 into the registry of the court, which represented the amount of arrearages up until the time the injunction issued.[2] Additionally, the trial court ordered that G-M pay all future invoices at the full $5.2137 per 1,000 gallon rate directly to the City until otherwise ordered. The trial court found that G-M's failure to pay the full invoices had adversely impacted the City's fiscal status because it may be unable to recover the full amount of a money judgment following a trial on the merits.

G-M complied with the trial court's order and deposited the disputed funds into the trial court's registry. G-M also filed an interlocutory appeal in this Court challenging the trial court's temporary injunction. Because some Texas courts, including this Court, have held that an order to deposit funds into the trial court's registry is not properly characterized as an appealable temporary injunction, G-M filed this petition for writ of mandamus.[3]

---

[2] At the hearing, G-M offered to deposit the disputed amount in a separate interest bearing account of its choosing.

[3] *See, e.g., Zhao v. XO Energy LLC*, 493 S.W.3d 725, 735 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Structured Capital Res. Corp. v. Arctic Cold Storage, LLC*, 237 S.W.3d 890, 894 (Tex. App.—Tyler 2007, no pet.).

In its petition, G-M alleges that the trial court abused its discretion by ordering that G-M deposit the funds into its registry without showing a specific fund in which the City has a disputed interest, and that the funds were at risk of depletion or loss.

## Prerequisites to Mandamus

Mandamus may be available to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

With respect to the resolution of factual matters or matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. In such matters, the relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 840. Review of a trial court's determination of the legal principles controlling its ruling is much less deferential. *Id.* A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Consequently, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

With regard to the adequate remedy by appeal element, the Texas Supreme Court stated that review of significant rulings in exceptional cases may be essential to (1) preserve a relator's substantive or procedural rights from impairment or loss; (2) allow appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in an appeal from a final judgment; and (3) prevent the waste of public and private resources invested into proceedings that would eventually be reversed. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. The court mandated that when the benefits outweigh the detriments, we must consider whether the appellate remedy is adequate. *Id.* Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances presented. *Id.* at 137. Because the balance of jurisprudential considerations depends on the circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Mandamus review may be appropriate for trial court errors where the very act of proceeding to trial, regardless of the outcome, would defeat the

substantive right involved. *See* **In re XTO Energy Inc.**, 471 S.W.3d 126, 136 (Tex. App.—Dallas 2015, no pet.) (orig. proceeding).

## No Adequate Remedy by Appeal

A trial court has inherent authority to order a party to pay disputed funds into the court's registry if there is evidence that the funds are in danger of being lost or depleted. *See, e.g.,* **Castilleja v. Camero**, 414 S.W.2d 431, 433 (Tex. 1967); **Zhao v. XO Energy LLC**, 493 S.W.3d 725, 736 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Texas courts are split as to whether an order to deposit funds into the trial court's registry is a mandatory temporary injunction. *Compare* **Zhao**, 493 S.W.3d at 735 (analyzing authorities and holding that order to deposit funds into court's registry is not temporary injunction subject to interlocutory appeal), *with* **In re Estate of Skinner**, 417 S.W.3d 639, 644 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (analyzing authorities and holding order to deposit funds into court's registry under circumstances of that case was order granting temporary injunction authorizing interlocutory appeal). We have held that such an order is not a temporary injunction. *See* **Structured Capital Res. Corp. v. Arctic Cold Storage, LLC**, 237 S.W.3d 890, 894 (Tex. App.—Tyler 2007, no pet.). Consequently, in courts reaching that conclusion, interlocutory appeal is not available for such an order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2016) (statutory grant authorizing interlocutory appeal of order granting or denying temporary injunction); **Zhao**, 493 S.W.3d at 735.

Texas courts holding that an order to deposit funds into the registry is not an injunction have likewise held that mandamus is appropriate relief when a trial court abuses its discretion in issuing such an order. *See, e.g.,* **Zhao**, 493 S.W.3d at 736; **O'Brien v. Baker**, No. 05-15-00489-CV, 2015 WL 6859581, at *3 (Tex. App.—Dallas Nov. 9, 2015, no pet.) (mem. op.) (orig. proceeding); **N. Cypress Med. Ctr. Operating Co. v. St. Laurent**, 296 S.W.3d 171, 179 (Tex. App.–Houston [14th Dist.] 2009, no pet.) (orig. proceeding). And, one court concluded that an order to deposit disputed funds into the court's registry deprived the relator of the use of its money without a showing either of liability or an intent to hide assets from a possible judgment, and consequently, the benefits of mandamus outweighed its burdens. **N. Cypress Med. Ctr. Operating Co.**, 296 S.W.3d at 179–80. We agree with the holdings of these courts.

Moreover, we believe the benefits of mandamus outweigh the detriments for other reasons as well. The detriment to mandamus is that it delays resolution of the underlying

dispute. However, a party ordered to deposit funds during the pendency of the lawsuit would not only be deprived of the use of its funds, but would be precluded from challenging the trial court's order by appeal. This is because, with interlocutory appeal unavailable, the party would be required to wait until the suit's conclusion to appeal the order. At that time, the order to deposit funds would no longer be in effect, which would render an appeal moot. Without mandamus relief, a trial court could freely order that funds be deposited into its registry without appellate review. Therefore, we conclude that the benefits of mandamus outweigh the burden of delay, and hold that mandamus is available in this circumstance.

**Abuse of Discretion**

Hemphill's City Manager, Donald Iles, was the only witness who testified at the temporary injunction hearing. He testified that he did not have access to G-M's financial records, and that he made an open records request concerning G-M's financial status. His request was granted, and he discovered that the balance of one of G-M's checking accounts was reduced by approximately $118,000.00 from January 2015 through July 2015. He also discovered that a separate G-M construction account showed an overdraft of approximately $15,000.00 at the end of one statement period. And he learned that G-M had a $5,000,000.00 capital investment in its new water treatment plant, although he could not testify as to G-M's current debt balance on the project or how it was financed. Iles testified that these facts raised "some red flags that possibly they may not be able to pay."

When asked further about the accounts, he acknowledged that after the $118,000.00 reduction, G-M had a remaining balance of approximately $689,000.00. Portions of the account statement were entered into evidence as Plaintiff's Exhibit 11. Iles testified that he was unaware of the current status of the construction account. The City's counsel asked, "Based on that and the other information you testified to, is there a legitimate concern about the solvency of [G-M], in terms of its ability to repay these continually accruing arrearages?" Iles responded, "That argument could be made, that conclusion could be drawn. I don't have enough information about their financial situation to say yes or no; but I would be worried, yes, sir." G-M chose not to offer any further evidence of its financial status. The trial court found in its order that the City "may be unable to recover the full amount of a money judgment following a trial on the merits."

It is true that G-M spent significant funds to acquire its new water treatment plant, had a construction account that had been overdrawn during one month, and had a reduction in one of

its checking accounts of approximately $118,000.00 at one point in time. However, the evidence available to the trial court when it issued the order unequivocally shows that G-M had at least $689,000.00 in cash. The portions of the account statement submitted in Plaintiff's Exhibit 11 show that the account balance was as high as approximately $807,000.00 on January 1, 2015, and as low as approximately $637,000.00 on June 20, 2015. Plaintiff's Exhibit 11 also showed that through several deposits, the account balance continued to increase to approximately $689,000.00 by June 30, 2015. The disputed amount for purposes of this mandamus proceeding is $87,663.11.[4] Furthermore, Iles admitted that he did not have enough information concerning G-M's solvency and ability to pay a judgment. Iles's statements that he was worried about whether G-M could satisfy a judgment can only be viewed as speculative. Based on the evidence before the trial court, it was unreasonable for it to conclude that G-M's funds are in actual danger of being lost or depleted given the amount of money in dispute. Therefore, we hold that the trial court abused its discretion in ordering that G-M deposit $87,663.11 into the court's registry.

Finally, since we have determined that the trial court abused its discretion because there was no reasonable danger that the funds will be lost or depleted, we need not address G-M's contention that the City failed to prove it had an interest in a "specific fund." *See* TEX. R. APP. P. 47.1; *In re Hayward*, 480 S.W.3d 48, 54-55 (Tex. App.—Fort Worth 2015, no pet.) (orig. proceeding) (holding that *Castilleja* and its progeny do not apply to case because facts did not present issue of which party owned a "specific account" that would justify deposit of "disputed funds" in court's registry); *Behringer Harvard Royal Island, LLC v. Skokos*, No. 05-09-00332-CV, 2009 WL 4756579, at *4 (Tex. App.—Dallas Dec. 14, 2009, no pet.) (holding that parties must have dispute of ownership as to specific fund for trial court to have authority to order deposit of funds into registry; trial court does not have authority, beyond attachment statutes, to order deposit of funds into registry to generally secure payment of possible future judgment).

## DISPOSITION

Because the trial court abused its discretion in ordering G-M to deposit $87,663.11 in the court's registry and G-M has no adequate remedy by appeal, mandamus is proper. Accordingly,

---

[4] Iles testified that the arrearages continue to accrue at approximately $10,000.00 per month while this dispute is pending. The trial court also ordered that G-M pay the full amount of all future invoices directly to the City until ordered otherwise. This order is the subject of G-M's separate interlocutory appeal.

we ***conditionally grant*** G-M's petition for writ of mandamus and direct the trial court to vacate its April 5, 2016 order requiring G-M to deposit $87,663.11 into the court's registry, to issue an order directing the district clerk to release the funds to G-M, and to set the underlying case for trial. We trust that the trial court will promptly comply with this opinion and order. The writ will issue only if the trial court fails to do so ***within ten days after the date of the opinion and order***. The trial court shall furnish this Court, within the time for compliance with this Court's opinion and order, a certified copy of its order evidencing compliance.

**BRIAN HOYLE**
Justice

Opinion delivered November 22, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 22, 2016**

**NO. 12-16-00223-CV**

**G-M WATER SUPPLY CORPORATION,**
Relator
V.
**HON. CRAIG M. MIXON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **G-M WATER SUPPLY CORPORATION,** Relator. Said petition for writ of mandamus having been filed herein on August 1, 2016, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED AND ORDERED that the petition for writ of mandamus be, and the same is, **conditionally granted**.

And it is further the opinion of this Court that the trial judge will act promptly and vacate its April 5, 2016 order requiring G-M to deposit $87,663.11 into the court's registry, issue an order directing the district clerk to release the funds to G-M, and set the underlying case for trial. We trust that the trial court will promptly comply with this opinion and order. The writ will issue only if the Honorable **CRAIG M. MIXON,** Judge of the 1st District Court of Sabine County, Texas, fails to do so *within ten days after the date of the opinion and order*. The trial

court shall furnish this Court, within the time for compliance with this Court's opinion and order, a certified copy of its order evidencing compliance.

Brian Hoyle, Justice.

*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*